James Burrell and Ernest Shaw sued Steven Wayne Jordan in the Mobile Circuit Court, alleging that Jordan had negligently or wantonly operated his motor vehicle, and, as a proximate result of his alleged negligent or wanton operation of the vehicle, had caused Burrell and Shaw to suffer personal injuries and property damage. The case was placed in the "expedited case-management system." The Mobile Circuit Court requires that a plaintiff file a "certificate of readiness" within 270 days of filing an action that has been placed in the expedited case-management *Page 184 
system. Approximately 150 days after the plaintiffs filed their complaint, the plaintiffs substituted their attorney of record. The plaintiffs did not file a certificate of readiness within 270 days. The trial court set a hearing for December 4, 1998, and notified the parties. The court reset the hearing for January 8, 1999, because the plaintiffs' attorney failed to appear for the December 4 hearing. At the second hearing, the plaintiffs' attorney again failed to appear; the trial court dismissed the case, without prejudice.
On July 19, 1999, the plaintiffs moved for relief from the judgment of dismissal, asking that the case be reinstated and arguing that exceptional circumstances warranted reinstatement pursuant to Rule 60(b)(6), Ala.R.Civ.P. Specifically, they alleged that their attorney had never received notice informing him (1) that the case had been expedited, (2) that a certificate of readiness was due, or (3) that the hearings had been scheduled. The trial court denied the motion to reinstate, on August 20, 1999. On August 30, 1999, the plaintiffs, represented by new counsel, filed a document entitled "Motion to Reconsider Motion to Reinstate." After conducting a hearing, the trial court entered an order granting the motion to reinstate the case. Jordan petitions for a writ of mandamus directing the trial court to set aside its order granting the plaintiffs' second motion to reinstate. We grant the petition and issue the writ.
A petition for the writ of mandamus is the proper method for securing review of a trial court's order granting a successive postjudgment motion. See Ex parte Keith, 771 So.2d 1018 (Ala. 1998), and Ex parte Baker, 459 So.2d 873 (Ala. 1984). "A writ of mandamus is an extraordinary remedy, and it will be `issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'" Ex parte PH Constr. Co.,723 So.2d 45, 47 (Ala. 1998) (quoting Ex parte United Serv. Stations,Inc., 628 So.2d 501, 503 (Ala. 1993)).
Jordan argues that the trial court lost jurisdiction over the case after it denied the plaintiffs' first Rule 60(b) motion. This Court has held that "[a] trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60(b), [Ala.R.Civ.P.], motion." Ex parte Vaughn, 539 So.2d 1060, 1061 (Ala. 1989) (citing Exparte Dowling, 477 So.2d 400 (Ala. 1985)); and see Ex parte Keith, supra. The plaintiffs moved to reinstate pursuant to Rule 60(b)(6). The court denied their motion. They later filed what they called a motion to "reconsider"; in its substance that motion was also a motion made pursuant to Rule 60(b)(6). The trial court granted that motion. However, after the trial court had denied the first Rule 60(b)(6) motion — the motion to reinstate — it lacked jurisdiction to entertain the motion to "reconsider," which was a successive postjudgment motion. Therefore, we grant the petition for the writ of mandamus. The trial court is directed to set aside its order granting the plaintiffs' motion to "reconsider."
PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, Brown, and Johnstone, JJ., concur.