MURDOCK, Judge.
On August 19, 2000, the State of Alabama (“State”) filed a complaint against Lashedrick Varkeith Richard (“Richard”) in the Tuscaloosa Circuit Court. The complaint alleged, among other things, that the State had seized $806 in United States currency from Richard that was subject to *350 condemnation and forfeiture under § 20-2-93, Ala.Code 1975. The clerk’s record reflects that on August 23, 2000, service of process was perfected by personal service of the summons and complaint on Richard by the sheriff of Tuscaloosa County. On September 19, 2000, the State filed an application for the entry of a default judgment against Richard. On October 2, 2000, the trial court entered a default judgment against Richard in the amount of $806.
On December 29, 2000, Richard filed a motion for relief from the default judgment under Rule 60(b)(6), Ala. R. Civ. P., alleging, among other things, that he had not been served with the complaint and that the State and law-enforcement officials had attempted to conceal the filing of the complaint from him. In the motion, Richard requested a hearing. The trial court set a hearing for April 2, 2001.
On April 2, 2001, the trial court held a hearing on the motion. Also on that date, Richard filed an amendment to the motion; that amendment alleged that he had a meritorious defense to the default judgment and included several conclusory statements in support of his meritorious-defense claim. At that hearing, the trial court instructed the State to provide the court with a copy of the police report relating to the forfeiture complaint.
On April 3, 2001, the State filed a police report “in compliance with the Court’s instructions at the hearing on [Richard’s] Motion for Relief From Judgment.” On April 5, 2001, Richard filed a document styled “I. Objection to State’s Failure to Comply with Court’s Preliminary Order and Motion to Compel Production [relating to the State’s failure to provide an additional law-enforcement report]) and II. Motion for Open Court Hearing with Court Reporter regarding the Motion for Relief from Judgment .... ” On April 12, 2001, the trial court denied Richard’s Rule 60(b) motion and Richard’s motion requesting a hearing.
On May 4, 2001, Richard filed a “Motion to Vacate Judgments,” requesting that the trial court vacate its April 12, 2001, order denying the Rule 60(b)(6) motion and the motion for a hearing. On June 7, 2001, the trial court held a hearing on Richard’s motion. On June 20, 2001, the trial court purported to enter an order denying Richard’s motion. Richard appeals.
On appeal, Richard argues that the trial court abused its discretion in denying the Rule 60(b) motion because, he says, he had a meritorious defense, the State did not show that it would be unfairly prejudiced if the default judgment were set aside, the default judgment was not the result of his own culpable conduct, and his due process rights had been violated. Because we agree with the State and conclude that this appeal is due to be dismissed for lack of jurisdiction, we do not reach the merits of Richard’s arguments.
In Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998), our Supreme Court stated:
“After a trial court has denied a post-judgment motion pursuant to Rule 60(b)[, Ala. R. Civ. PJ, that court does not have jurisdiction to entertain a successive postjudgment motion to ‘reconsider’ or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal. We note, as the Court of Civil Appeals has done on several occasions, that the Alabama Rules of Civil Procedure do not contain any provision for a ‘motion to reconsider’ a ruling on a Rule 60(b) motion.”
Accord Ex parte Jordan, 779 So.2d 183, 184 (Ala.2000) (reiterating that “This Court has held that ‘[a] trial court does not *351 have jurisdiction to entertain a motion to reconsider the denial of a Rule 60(b) ... motion.’ ”) (quoting Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989)). The only review of that denial is by appeal. Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985).
In this case, Richard filed a Rule 60(b)(6) motion on December 29, 2000, and amended that motion on April 2, 2001, to assert the additional ground of a meritorious defense. On April 12, 2001, the trial court entered an order denying the Rule 60(b) motion.
An appellant shall file a notice of appeal “within 42 days ... of the date of the entry of the judgment or order appealed from.” Rule 4(a)(1), Ala. R.App. P. Richard therefore had 42 days, i.e., until May 24, 2001, from the date of the denial of his Rule 60(b) motion to file a notice of appeal. Richard did not file a notice of appeal until July 20, 2001.
“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. RApp. P. Because Richard’s notice of appeal was not timely filed, we must dismiss this appeal. Keith, 771 So.2d at 1022.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ„ concur.