934 So.2d 301 (2006)
Edward John GONZALES
v.
Anne Jaffe GONZALES.
No. 06-CA-290.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 2006.
*302 Clifford E. Cardone, Catherine Hilton, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and MARION F. EDWARDS.
THOMAS F. DALEY, Judge.
This matter involves a custody dispute over a ten year old boy, Brandon Gonzales. His parents, Edward Gonzales and Anne Gonzales, shared joint custody when they evacuated together to New Jersey, following Hurricane Katrina, in September 2005. Following a domestic dispute in New Jersey, Mr. Gonzales was granted custody by a New Jersey court. Ms. Gonzales returned to Louisiana and filed a Motion for Emergency Jurisdiction. The trial court ultimately decided that the New Jersey court has temporary emergency jurisdiction over this matter. Ms. Gonzales appealed that judgment to this Court, which agreed to hear this matter on an expedited basis. For the reasons that follow, we affirm.

FACTS:
The parties lived in Jefferson Parish Louisiana prior to their divorce. When the parties were divorced on August 1, 2000, the parties consented to shared physical custody of Brandon, with Brandon living primarily with Ms. Gonzales and Mr. Gonzales having Brandon every Wednesday overnight and every other weekend. At some point the parties reconciled, then on February 25, 2005, Mr. Gonzales filed a Rule to Modify the Consensual Custody Judgment. Mr. Gonzales alleged that Ms. Gonzales had resided with him until December 2004, at which time she stole money to support a drug addiction and engaged in a physical altercation with his mother, Carol Gonzales. A custody evaluator was appointed and drug testing was ordered. Ms. Gonzales filed responsive pleadings alleging that Mr. Gonzales abused drugs and alcohol. In May 2005, Mr. Gonzales withdrew his complaints against his former wife and the parties agreed on an interim Consent Judgment regarding custody. On July 7, 2005, prior to the custody evaluation being performed, the parties entered into a Consent Judgment whereby Brandon would remain in joint custody, with Ms. Gonzales being the domiciliary parent and Mr. Gonzales having overnight visitation every Wednesday and every other weekend. At the time the Consent Judgment was entered into, Ms. Gonzales was still living in Jefferson Parish, Louisiana.
On August 29, 2005 Hurricane Katrina struck Jefferson Parish and surrounding areas. Mr. Gonzales, Ms. Gonzales, and Brandon evacuated to Belmar, New Jersey where they lived together in a rental home. On October 13, 2005, Carol Gonzales arrived to stay with the parties. The next day a physical altercation occurred *303 between the three adults. Ms. Gonzales contends that she was held down by Mr. Gonzales and repeatedly hit by Carol Gonzales, while Mr. Gonzales contends Ms. Gonzales was intoxicated and stabbed Carol Gonzales. This resulted in Ms. Gonzales being arrested and spending 14 days in jail. On October 15, 2005, a referral from Brandon's elementary school was made to the New Jersey Child Protection Agency, the Division of Youth and Family Services who initiated an investigation.
On October 17, 2005, a temporary restraining order was issued against Ms. Gonzales arising from the events of October 14, 2005. On October 19, 2005, Mr. Gonzales appeared before the Superior Court of New Jersey, County of Monmouth seeking sole custody of Brandon. Mr. Gonzales alleged that since the parties left Louisiana, Ms. Gonzales had been abusing drugs and alcohol, had been physically abusing Brandon, and had left Brandon home alone. He also referenced the physical altercation of October 14, 2005 and stated that Ms. Gonzales was in jail. The New Jersey court, Judge Kilgallen presiding, found that it was in the best interest of the child for the New Jersey court to have jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, N.J.S.A. 2A: 34-53. Judge Kilgallen granted temporary sole custody to Mr. Gonzales and ordered that visits with Ms. Gonzales be suspended until further court order.
On October 24, 2005, a hearing was held by another judge in Monmouth County, who found that an act of domestic violence had occurred as alleged and entered a final restraining order against Ms. Gonzales. Ms. Gonzales was released from jail on a $60,000.00 bond.
On October 31, 2005, Ms. Gonzales filed her own affirmative applications in the New Jersey court alleging acts of violence had been committed on her by Mr. Gonzales and Carol Gonzales arising from the October 14, 2005 incident. On November 23, 2005, Ms. Gonzales filed a motion in New Jersey for immediate telephone visits with the child. This motion was denied. On December 2, 2005, Ms. Gonzales appeared in the New Jersey court through her counsel and sought to have the restraining order dismissed. This motion was denied. On December 8, 2005, Ms. Gonzales filed a motion in New Jersey seeking enforcement of the July 7, 2005 Consent Judgment. She alleged in this motion that the New Jersey court did not have jurisdiction to change the Louisiana Consent Judgment.
On December 14, 2005, Ms. Gonzales filed a Motion for an Emergency Jurisdiction Hearing in Louisiana. This motion was determined to be moot by 24th Judicial District Judge Robert Murphy. On December 28, 2005, Ms. Gonzales filed a Motion for Jurisdiction Hearing or alternatively a Motion for Emergency Status Conference. Judge Murphy denied this motion, stating that he had conferred with the New Jersey court and New Jersey has jurisdiction over actions occurring within its borders. Ms. Gonzales sought supervisory review from this Court. On February 3, 2006, this Court granted Ms. Gonzales' Writ Application and remanded this matter to Judge Murphy to have an expedited hearing on jurisdiction and render written reasons for judgment following his ruling on jurisdiction.
Meanwhile in New Jersey, on January 20, 2006, Ms. Gonzales filed a fourth application seeking to modify custody or, in the alternative, to grant visitation. On February 6, 2006, Mr. Gonzales filed a motion seeking to dismiss Ms. Gonzales' application and requested an order for Ms. Gonzales to submit to drug testing and submit to an evaluation. He requested all access *304 by Ms. Gonzales to Brandon be suspended until the evaluation is completed.
On February 9, 2006, a hearing was held via telephone conference between Judge Murphy, Judge Kilgallen, Mr. Gonzales' attorneys, Ms. Abby in New Jersey and Ms. Chachere in Jefferson Parish, and Ms. Gonzales' attorneys, Mr. Fellenz in New Jersey and Ms. Hilton in Jefferson Parish. Ms. Abby explained that while Louisiana operates under the Uniform Child Custody Jurisdiction Act (UCCJA), New Jersey operates under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Ms. Abby argued that since both parties had left Louisiana at the time the initial motion was filed by Mr. Gonzales in New Jersey, there was an independent basis for jurisdiction in New Jersey. She further argued that under UCCJEA, the court looks at where the parties are located when the initial application for change of custody is filed. Since the application for change of custody was filed on October 19, 2005, she contends there is no question that New Jersey had jurisdiction. She further argued that if the court looked at the convenience of the parties, New Jersey is more appropriate because the child has been interviewed by the Division of Youth and Family Services (DYFS) in New Jersey, he is seeing a therapist in New Jersey, and his latest school records are located in New Jersey. Ms. Abby pointed out that if the Louisiana court were to find jurisdiction was proper in New Jersey, Ms. Gonzales would still be able to present evidence in New Jersey.
Ms. Hilton then argued that the DYFS investigation has determined that the allegations were unfounded, and concluded that no services are needed at that time. Ms. Hilton contends that under UCCJA the court must look to the home state of the child. She explained that the parties, including the child, temporarily evacuated to New Jersey and intended to return to Louisiana where the child has lived his entire life. She contends Louisiana is the home state because it is where the initial custody determination was entered and that Mr. Gonzales should not be allowed to take advantage of the emergency situation presented by Hurricane Katrina to change a consent custody agreement. Next she argued the court must look to the significant contacts with Louisiana. She contends most of the child's school and medical records are in Louisiana. She also points out that one parent and three grandparents are in Louisiana. Ms. Hilton further argued that the initial emergency that existed in October 2005, when pleadings were initially filed in New Jersey, no longer exists. Courts and schools are now open in Louisiana and the mother has found another place to live in Louisiana. Mr. Fellenz added that the emergency jurisdiction is allowed only when the parties were unable to go to Louisiana to seek relief.
Judge Kilgallen made numerous comments during the hearing. She stated there was no question that she had emergency jurisdiction in October 2005 when the father presented his application and the mother was in jail, explaining that she had to issue the custody order and restraining order to make sure the child was safe. She further stated that the DYFS letter merely stated that the child was safe and not in need of care at that time and did not state that the abuse did not occur. Judge Kilgallen stated that she would welcome Ms. Gonzales to come to New Jersey and undergo drug and alcohol screening so that a reunification could be facilitated between Ms. Gonzales and her son. Judge Killegan indicated that it was in the best interest of the child for jurisdiction to continue in New Jersey since the investigation into the actions of Ms. Gonzales was being *305 conducted there and the child's teachers and therapists were in New Jersey.
At the conclusion of the hearing, Judge Murphy took the matter under advisement. He ordered the parties to submit memoranda as to why Louisiana has jurisdiction over this matter. On March 9, 2006, Judge Murphy entered judgment granting temporary emergency jurisdiction over this matter to New Jersey for one year from the signing of the judgment. In so ruling, Judge Murphy found that the best interest of the child was to continue the proceedings in New Jersey where the criminal charges are being investigated and where the evidence regarding the allegations is available. Judge Murphy concluded that New Jersey has the more significant connection with the facts to resolve the allegations of violence, child abuse, and drug/alcohol abuse central to the best interest of the child. Judge Murphy explicitly rejected Ms. Gonzales home state argument finding the best interest of the child is the standard to be used in conducting a comparative determination of two jurisdictions. This timely appeal followed.

LAW AND DISCUSSION:
On appeal, Ms. Gonzales makes numerous complaints about the proceedings and rulings made in New Jersey. However, she is appealing a judgment that solely determined jurisdiction. Therefore, this discussion will be limited to whether or not the trial court correctly granted temporary emergency jurisdiction to the New Jersey court.
The UCCJA has been adopted by the majority of states and is codified in Louisiana as the Uniform Child Custody Jurisdiction Law (UCCJL) in LSA-R.S. 13:1700 et seq. The primary purpose of the UCCJA is to avoid competition among states for jurisdiction over a custody dispute and to promote resolution of custody disputes in the forum most likely to have the greatest amount of relevant information about the case. State ex rel. D.R.P., 38,200 (La.App. 2 Cir. 12/10/03), 862 So.2d 1073. The basis for determining jurisdiction under UCCJA are: (1) the child's home state, (2) the best interest of the child based on significant connections with this state and substantial evidence concerning the child's present or future care, protection, training, and personal relationships, (3) whether there exists an emergency to protect the child, and (4) when no other state has jurisdiction or has declined jurisdiction. R.S. 13:1702(A). Although the child's presence in the forum state is desirable, the child's presence alone does not confer jurisdiction. R.S. 13:1702(B).
UCCJA does not require deference to the child's home state in every case. Stelluto v. Stelluto, XXXX-XXXX (La.6/29/05), 914 So.2d 34. The choice of the best forum to hear custody disputes under UCCJA focuses on the strength of connections between the child and the competing states. Id. This may result in there being concurrent jurisdiction in two states under the home state and significant connection standards. Where there is concurrent jurisdiction, the trial court must determine which court will serve the best interest of the child. Id. The determination by the trial court of which jurisdiction will serve the best interest of the child will not be disturbed absent an abuse of discretion. Id.
Ms. Gonzales contends the trial court erred in granting temporary emergency jurisdiction to the New Jersey court when Louisiana has been Brandon's home state since birth and Louisiana courts have always ruled on custody issues involving Brandon prior to the evacuation. We agree with Ms. Gonzales that at the time the October 2005 custody decree was rendered *306 by the New Jersey court, Louisiana was Brandon's home state under UCCJA. However, we reject her argument that the home state has sole jurisdiction. UCCJA does not require that there be jurisdiction in home state in every case. Rather, an analysis must be performed to determine on which state to confer jurisdiction to serve the best interest of the child.
In the instant case, Mr. Gonzales alleged that he became aware of the extent of Ms. Gonzales' substance abuse and abuse/neglect of Brandon after spending six weeks with her due to the joint evacuation. While the record indicates that allegations of substance abuse have been made by both parties against the other party throughout the custody dispute, there had never been an evaluation to determine the legitimacy of these allegations. It was only after Ms. Gonzales was arrested in New Jersey and a report of possible abuse/neglect was made in New Jersey that an investigation was begun to determine the legitimacy of the substance abuse and physical abuse allegations. While the DFYS made the determination that their assistance was not needed at the time of the investigation, because the alleged abuser, Ms. Gonzales, had been restrained from contact with Brandon, there has been no determination as to whether Brandon had been abused. The record indicates that Brandon has been attending therapy sessions with a family therapist to assist in his adjustment to the change of custody. These sessions may also assist in determining whether abuse occurred. Judge Kilgallen has requested that Ms. Gonzales submit to an evaluation for substance abuse to help facilitate a reunification with her son. Thus, although there is no dispute that Brandon has lived in Louisiana the vast majority of his life, the investigation as to allegations of abuse and into the criminal charges filed by and against Ms. Gonzales are taking place in New Jersey, making the majority of the evidence available in New Jersey, rather than in Louisiana. A custody evaluation was never conducted in Louisiana because the parties entered into a Consent Judgment prior to the evaluation being done. Based on all of the evidence presented to this Court, we agree with the trial court that the best interest of the child will be served by conferring temporary emergency jurisdiction on the New Jersey court because the majority of the evidence regarding his custody, present and future care, is in New Jersey[1].
We disagree with Ms. Gonzales' contention that the trial court made a best interest of the child determination on the basis of hearsay documents and without Ms. Gonzales being able to cross-examine any witnesses. The best interest of the child determination was made based on the substantial connection to New Jersey regarding the availability of evidence to determine the child's custody, present and future care. Ms. Gonzales is able to submit whatever evidence she deems necessary to assist in the modification of the custody determination to the New Jersey court. There has been no determination as to whether or not Ms. Gonzales abused and/or neglected her son. Likewise, there has been no determination as to whether Ms. Gonzales abused drugs and alcohol. Rather, a custody order was entered based on Ms. Gonzales being arrested and charged with battery. The merits of these charges must be resolved *307 in New Jersey and will have a bearing as to the next custody order rendered by the New Jersey court. Ms. Gonzales is free to retain another therapist in New Jersey or to ask the New Jersey court to appoint another therapist to evaluate Brandon and make recommendations. Further, Ms. Gonzales is free to ask for a custody evaluation to be conducted in New Jersey. She will be able to present any and all evidence to the New Jersey court that she would have been able to present to a Louisiana court.

CONCLUSION:
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] We note that there have been thousands of children displaced as a result of Hurricane Katrina and this opinion is in no way intended to hold that the courts in the states where they have evacuated have jurisdiction over their custody based solely on the fact that they evacuated from Louisiana.