Pinkerton Security and Investigation Services, Inc. ("Pinkerton"), seeks review of the trial court's summary judgment in favor of Troy Chamblee[1] and Tony Jackson. The trial court granted Chamblee *Page 99 
and Jackson's summary-judgment motion on the ground that the court did not have jurisdiction to hear Pinkerton's independent action brought under Rule 60(b), Ala. R. Civ. P. We hold that the trial court erred in entering the summary judgment in favor of Chamblee and Jackson, because it lacked jurisdiction to entertain the Rule 60(b) motion. We further state that Pinkerton has exhausted its remedies under Rule 60(b); therefore, we dismiss the appeal.
 Facts and Procedural History
In 2000, Chamblee and Jackson, at one time employees of Pinkerton, separately sued Pinkerton in the Jefferson Circuit Court, arguing, among other things, that during the hiring process, Pinkerton had fraudulently misrepresented to them the medical-insurance coverage available to Pinkerton employees. The cases were consolidated and tried before a jury. In July 2003, the jury returned a verdict in favor of Chamblee and Jackson and the trial court entered judgments on the jury's verdict. On July 28, 2003, Pinkerton moved for a judgment as a matter of law under Rule 50, Ala. R. Civ. P.
On September 11, 2003, the trial court, held a hearing on Pinkerton's Rule 50 motion. At the conclusion of the hearing, the trial court told the parties that they had two weeks to try to settle the matter, after which the judge would call one party and ask for a draft of a proposed order. On September 24, 2003, the trial judge contacted Pinkerton, informed it that he had decided to enter a judgment as a matter of law for Pinkerton, and asked Pinkerton to prepare a proposed order. The next day, on September 25, 2003, Pinkerton provided the proposed order to the trial court. The trial court did not contact Chamblee or Jackson to inform them of the decision, nor did the judge enter the decision into his bench notes or on the case-action-summary sheets.
In November 2003, the trial court entered an order granting Pinkerton's motion for a judgment as a matter of law. Chamblee and Jackson wrote the trial court, arguing that it was without jurisdiction to grant Pinkerton's motion because the motion had been denied as a matter of law under Rule 59.1, Ala. R. Civ. P., 90 days after Pinkerton had filed the motion.[2] When the trial court did not respond, Chamblee and Jackson petitioned for a writ of mandamus, asking this Court to direct the trial court to rescind its November order.
In January 2004, Pinkerton moved to amend the record under Rule 60(a), Ala. R. Civ. P., to show that on September 24, 2003, the court had contacted Pinkerton to tell it that the court was granting Pinkerton's motion and to ask it to draft a proposed order. Pinkerton also asked the trial court to amend the record to show that Pinkerton provided the trial court with the requested order the next day. Chamblee and Jackson filed written objections. The trial court held a hearing on the matter and entered an order amending the record as requested.[3] *Page 100 
We consolidated Chamblee's and Jackson's petitions, and inEx parte Chamblee, 899 So.2d 244 (Ala. 2004), we granted Chamblee's and Jackson's consolidated petitions for a writ of mandamus, declaring the November 2003 order void because Pinkerton's Rule 50 motion had been denied as a matter of law on October 26, 2003, 90 days after the motion was filed. Thus, the trial court was without jurisdiction to enter the November 2003 order. 899 So.2d at 249. We further ordered the trial court to vacate its order altering the record and to remove any changes that might have been made to the record pursuant to that order.899 So.2d at 249.
In December 2004, after this Court's decision inChamblee, Pinkerton filed its first Rule 60(b), Ala. R. Civ. P., motion for relief from the July 2003 judgments, arguing that the judgments were based on "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Ala. R. Civ. P. The trial court held a hearing on the motion, and at the hearing Pinkerton also argued that relief might be proper either under Rule 60(b)(1) or under Rule 60(b)(6).[4] The trial court denied Pinkerton's Rule 60(b) motion on the ground that it did not have jurisdiction to entertain it. The trial court based its decision on our statement in Chamblee that the trial court's jurisdiction over the cases had expired 90 days after Pinkerton had filed its motion for a judgment as a matter of law. 899 So.2d at 247.
In January 2005, Pinkerton filed a second Rule 60(b) motion, again seeking relief from the July 2003 judgments, but this time citing only Rule 60(b)(6) and addressing the issue of the trial court's jurisdiction to rule on the Rule 60(b) motion. The trial court denied this second Rule 60(b) motion, again citing lack of jurisdiction. Pinkerton appealed the denial of its second motion. The Court of Civil Appeals dismissed the appeal, stating that Pinkerton's second motion was a successive Rule 60(b) motion based on the same grounds as the first and that the trial court did not have jurisdiction to consider it. PinkertonSec. Investigations Servs., Inc. v. Chamblee,934 So.2d 306 (Ala.Civ.App. 2005) ("Pinkerton I"). The Court of Civil Appeals found that because the trial court lacked jurisdiction the trial court's denial of the motion was a void judgment, which cannot support an appeal. Therefore, the Court of Civil Appeals concluded, it also lacked jurisdiction to consider the trial court's ruling on the motion.934 So.2d at 391 (Ala.Civ.App. 2005).
In February 2005, Pinkerton filed a third Rule 60(b) motion, this time as an independent action before a different trial judge ("the second action"). Pinkerton again sought relief from the July 2003 judgments. Chamblee and Jackson moved to dismiss and later amended the motion to call it a "motion to dismiss or, in the alternative, motion for summary judgment," arguing lack of jurisdiction, res judicata, failure to state a claim, collateral estoppel, and waiver. The trial court in the second action entered a summary judgment against Pinkerton and in favor of Chamblee and Jackson, stating that the second action, like Pinkerton's second Rule 60(b) motion before the first trial court, *Page 101 
was an impermissible successive Rule 60(b) motion and, therefore, that the trial court in the second action, like the trial court in the first action, did not have jurisdiction to hear the motion. Because it seeks equitable relief and the amount involved is more than $50,000, Pinkerton now appeals the summary judgment directly to this Court.
 Standard of Review
We review a summary judgment and all questions of law denovo. Smith v. State Farm Mut. Auto. Ins. Co.,952 So.2d 342 (Ala. 2006).
 Analysis
Pinkerton's appeal of the summary judgment in favor of Chamblee and Jackson on the ground that the trial court lacked jurisdiction to enter it raises two issues for this Court. First, whether the trial court in fact lacked jurisdiction over Pinkerton's second action brought under Rule 60(b). Second, if the trial court indeed lacked jurisdiction, whether the summary judgment was proper on that ground. We answer the first question in the affirmative and hold that the trial court in the second action lacked jurisdiction over Pinkerton's Rule 60(b) motion. We answer the second question in the negative and hold that a trial court cannot properly enter a summary judgment, even one entered on the basis of lack of jurisdiction, when it lacks jurisdiction over the action.
 Jurisdiction
The trial court stated that it lacked jurisdiction over the second action because it was an impermissible successive motion under Rule 60(b). We agree.
Rule 60(b) was adopted to allow a trial court to give equitable relief from a final judgment "even after the normal procedures of motion for new trial and appeal are no longer available." Rule 60, Ala. R. Civ. P., Committee Comments on 1973 Adoption. There are six reasons a trial court grants relief under Rule 60(b):
 "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentations, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."
Rule 60(b), Ala. R. Civ. P.
In Giles v. Giles, 404 So.2d 649, 651 (Ala. 1981), we held that the Alabama Rules of Civil Procedure were designed to give "some flexibility, particularly in an effort to do what is right and just." "[T]rial courts usually have wide discretion in determining whether to grant Rule 60(b) motions, but that discretion is not unbridled." 404 So.2d at 651. The trial courts "must balance the desire to remedy injustice against the need for finality of judgments." Rule 60, Committee Comments on 1973 Adoption.
Keeping this balance between equity and finality in mind, Alabama courts have clearly and consistently held that postjudgment motions are not to be used as a substitute for appeal. Transcall American, Inc. v. Comtel-Birmingham,Inc., 571 So.2d 1051, 1052 (Ala. 1990); Ex parteDowling, 477 So.2d 400, 404 (Ala. 1985); Pinkerton I,supra; Ex parte Tampling Tile Co., 551 So.2d 1072, 1075
(Ala.Civ.App. 1989). Successive Rule 60(b) motions brought on the same grounds are impermissible because they are "generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b)." Wadsworth v. Markel Ins.Co., 906 So.2d 179, 182 (Ala.Civ.App. 2005). A motion *Page 102 
to reconsider the trial court's denial of a postjudgment motion is barred because after the denial the trial court loses jurisdiction over the action. Ex parte Allstate Life Ins.Co., 741 So.2d 1066, 1070 (Ala. 1999); see also Ex parteJordan, 779 So.2d 183, 184 (Ala. 2000); Ex parteVaughan, 539 So.2d 1060, 1061 (Ala. 1989); Dowling,477 So.2d at 404.
Thus, "`when a post-judgment motion is denied, the review of that denial is by appeal, not by a motion to reconsider.'"Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649, 651
(Ala. 1998) (quoting McAlister v. Deatherage,523 So.2d 387, 389 (Ala. 1988)). Because Pinkerton's second action is its third request for post-judgment relief under Rule 60(b), we must determine whether the second action is in the nature of a motion to reconsider and is therefore an impermissible successive action over which the trial court does not have jurisdiction.
In its first Rule 60(b) motion, Pinkerton argued that it was entitled to relief under Rule 60(b)(1) because that court had failed to enter an order granting Pinkerton's motion for a judgment as a matter of law before the expiration of the 90-day pendency period; that failure, Pinkerton alleged, qualified as "mistake, inadvertence, surprise, or excusable mistake." At the hearing on the motion, Pinkerton also argued that it might qualify for relief under Rule 60(b)(6). Pinkerton submitted a legal memorandum in support of its argument for relief under Rule 60(b)(6). The trial court denied Pinkerton's motion on the ground that it lacked jurisdiction to entertain the motion.
Pinkerton did not appeal that denial. Instead, it filed a second Rule 60(b) motion, in the same trial court, this time seeking relief under only Rule 60(b)(6) and addressing the issue of the trial court's jurisdiction over the motion. We conclude that this second motion operated as a motion to reconsider. Pinkerton's second motion sought relief on the same ground as the first, namely that Pinkerton should not suffer for the first trial court's failure to timely enter the order granting Pinkerton's motion for a judgment as a matter of law. In both motions, Pinkerton cited Rule 60(b)(6) as the basis for relief.
By raising the issue of jurisdiction in the second motion, Pinkerton essentially asked the trial court to reconsider its decision on the first motion that it lacked jurisdiction. Therefore, the second motion was an impermissible successive Rule 60(b) motion, and the trial court correctly concluded that it lacked jurisdiction to entertain that second motion. For the same reason, Pinkerton's second action, which seeks relief for a third time on the same ground Pinkerton has asserted twice before, is barred. The trial court hearing the second action correctly concluded that it did not have jurisdiction to entertain the second action.
Under the well-established principle of law that a judgment rendered by a court that lacks jurisdiction is a nullity,[5]
it would appear that the original trial court's denial of Pinkerton's first Rule 60(b) motion was improper because the trial court purported to deny that motion after the trial court had determined that it lacked the jurisdiction to entertain the motion. *Page 103 
It is true that had that trial court initially dismissed Pinkerton's Rule 60(b) motion without prejudice rather than denying it, Pinkerton would have had the option to appeal that dismissal on the question of jurisdiction or, alternatively, to bring the Rule 60(b) motion again in a court of competent jurisdiction; however, Pinkerton did not take either of these actions. Instead, it brought a second Rule 60(b) motion before the same trial court, arguing that the trial court did, in fact, have jurisdiction. In doing so, Pinkerton violated the policy against filing a successive Rule 60(b) motion, which is not to be used as a substitute for an appeal or as a motion for reconsideration.
In addition, after Pinkerton lost on appeal to the Court of Civil Appeals from the denial of its second Rule 60(b) motion, it did not appeal to this Court but instead attempted to start the process over by filing a third Rule 60(b) motion as an independent action. Rule 60(b) is not designed or intended to allow parties to circumvent the appeal process and to drag out litigation indefinitely by filing a new motion every time a court decides it does not have jurisdiction over a matter.See Rule 60, Ala. R. Civ. P., Committee Comments on 1973 Adoption ("In passing on an attack upon a judgment, the court is given a wide discretion. In exercising this discretion, the court must balance the desire to remedy injustice against the need for finality of judgments."). Therefore, we hold that the trial court in the second action correctly concluded that the second action was a successive Rule 60(b) motion and that the court therefore lacked jurisdiction to entertain the motion.
 Summary Judgment
Having concluded that the trial court in the second action did not have jurisdiction to entertain Pinkerton's Rule 60(b) motion, we move to the question whether the entry of a summary judgment on that ground was proper. We hold that it was not.
In its appeal, Pinkerton argues three grounds on which it alleges that the trial court in the second action erred in entering the summary judgment. We address each of those grounds briefly.
First, Pinkerton argues that the trial court's summary judgment in the second action relied on the decision of the Court of Civil Appeals in Pinkerton I, which, Pinkerton argues, erroneously held that a trial court's denial of a Rule 60(b) motion on the basis of a lack of jurisdiction is a decision on the merits. Pinkerton, however, misinterprets the holding of the Court of Civil Appeals in Pinkerton I. In PinkertonI the Court of Civil Appeals actually states that the trial court did not have jurisdiction to hear the second Rule 60(b) motion and, therefore, that the trial court's denial of that motion was "a nullity and [would] not support an appeal."934 So.2d at 391.
Pinkerton may be referring to certain dicta in PinkertonI, in which the Court of Civil Appeals states that had it reached the merits of Pinkerton's appeal, it "would have been constrained to affirm the judgment of the trial court."Pinkerton I, 934 So.2d at 391. Although this statement may be erroneous,[6] it is not the holding of the Court of Civil Appeals.
Second, Pinkerton argues that the Alabama Rules of Civil Procedure "provide parties with the opportunity to seek equitable *Page 104 
relief under Rule 60(b). . . . The denial of this opportunity by the courts of this State operates as a flagrant denial of Pinkerton's due process rights under Alabama law." Pinkerton's brief at 17. However, Pinkerton had and exercised its opportunity to seek relief under Rule 60(b), when it brought its first Rule 60(b) motion in December 2004. In response to that motion, the trial court held a hearing, at which Pinkerton was present and during which it presented its case. This Court has stated that due process "contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them." Ex parteWeeks, 611 So.2d 259, 261 (Ala. 1992). Pinkerton was clearly afforded these procedural rights; thus, there was no denial of due process.
Third, Pinkerton argues that, because its earlier Rule 60(b) motions were denied on the basis that the trial court lacked jurisdiction to hear them, its only means of access to postjudgment relief under Rule 60(b) was the filing of an independent action. Usually, a party seeking postjudgment relief under Rule 60(b) does so in the court that originally rendered the judgment, but, "[i]f relief does not appear to be available under the rule, or if relief from the judgment is sought in some other court than the court which rendered the judgment, the party should bring an independent proceeding." Rule 60, Ala. R. Civ. P., Committee Comments on 1973 Adoption.
However, in Skillman v. First State Bank of Altoona,341 So.2d 691, 693 (Ala. 1977), we held that the two routes for seeking Rule 60(b) relief were not intended "to allow both a hearing via a [Rule] (60)(b) motion, and, should that fail, then an independent action. [The available] remedy was to appeal from the denial of her motion to set aside the default judgment." Pinkerton moved for Rule 60(b) relief in the original trial court; that motion was denied. As in Skillman, Pinkerton's available remedy at that point was an appeal, not an independent action in another trial court.
Although we do not find Pinkerton's arguments persuasive, we nonetheless hold that the trial court's summary judgment was void because the trial court lacked jurisdiction over the motion and, therefore, did not have the authority to enter a judgment. In Faulkner v. University of Tennessee, 627 So.2d 362,364 (Ala. 1992), we stated that a "`summary judgment procedure deals with the merits' and . . . a judgment made on jurisdictional grounds `is not a matter for dismissal with prejudice or summary judgment.'" (Quoting McMillon v.Hunter, 439 So.2d 153, 154 (Ala. 1983) ("[T]he trial court must decide if the motion presents an opportunity to judge the merits. Only then can a dismissal with prejudice or summary judgment be properly issued.").) We also stated inFaulkner that "a court cannot enter a judgment on the merits against a party after finding that it lacks jurisdiction, because it cannot effectively find that it has no authority to adjudicate a claim, and then proceed to adjudicate the claim anyway." 627 So.2d at 364. Here, the trial court hearing the second action concluded, and we agree, that it lacked jurisdiction to adjudicate Pinkerton's second action on the merits. Without jurisdiction, the trial court could not properly grant Chamblee and Jackson's motion for a summary judgment. *Page 105 
 Conclusion
Pinkerton failed to appeal the denial of its first Rule 60(b), Ala. R. Civ. P., motion; therefore, it has exhausted its remedies under Rule 60(b). Because the trial court did not have jurisdiction to entertain Pinkerton's second action under Rule 60(b), its summary judgment in favor of Chamblee and Jackson is void. A void judgment will not support an appeal. Jones v.Sears Roebuck Co., 342 So.2d 16, 17 (Ala. 1977) ("[A] void decree will not support an appeal; thus, it must be dismissed."). Therefore, we dismiss the appeal.
APPEAL DISMISSED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] While this appeal was pending, Troy Chamblee died. His estate has been substituted as a party. See Rule 43(a), Ala. R.App. P.
[2] Rule 59.1 reads, in pertinent part:
 "No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days. . . . A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder . . . shall constitute a denial of such motion as of the date of the expiration of the period."
[3] The order reads, in pertinent part:
 "On September 24, 2003, the Court informed counsel for [Pinkerton] that the Court was granting [Pinkerton's] motion for a judgment as a matter of law which had been filed on July 28, 2003. The Court specifically instructed counsel for [Pinkerton] to draft a proposed Opinion and Order stating the grounds which the Court found for the granting of said motion. The Court received the proposed Opinion and Order on September 25, 2003. Due to an oversight, the Court failed to make entries on the case action summary sheets of each matter identifying the action taken by the Court. This clerical error is due to be corrected."
[4] Rule 60(b)(6) allows the court to grant post-judgment relief for "any other reason justifying relief from the operation of the judgment.
[5] Chamblee, 899 So.2d at 249 (the trial court's judgment as a matter of law entered after it lost jurisdiction was "a nullity and therefore void"); Ex parte NorfolkSouthern Ry., 816 So.2d 469, 472 (Ala. 2001) ("An order issued by a trial court without jurisdiction is a nullity.");Ex parte Hornsby, 663 So.2d 966, 967 (Ala. 1995) (because the trial court "lacked jurisdiction to set aside the default judgment for the petitioners, [its] January 10, 1995, order was a nullity and, therefore, is due, to be set aside").
[6] See Norfolk Southern Ry., 816 So.2d at 472 ("An order issued by a trial court without jurisdiction is a nullity."); Faulkner v. University of Tennessee,627 So.2d 362, 364 (Ala. 1992) ("[A] court cannot enter a judgment on the merits against a party after finding that it lacks jurisdiction.").