MOORE, Judge.
Isaiah Holmes appeals from the trial court’s denial of his postjudgment motion filed pursuant to Rule 60, Ala. R. Civ. P. We hold that the trial court lacked jurisdiction to determine that motion; thus, we dismiss this appeal.
On May 1, 2003, Susie Mae Holmes, now Susie Mae Johnson, filed a complaint against Holmes. On April 30, 2004, the trial court entered a judgment; it apparently amended that judgment on May 17, 2004. On May 27, 2004, Holmes filed a motion to alter, amend, or vacate the trial court’s judgment.[1] After a hearing, the court denied Holmes’s motion, and Holmes appealed to this court. We transferred the appeal to the Alabama Supreme Court for lack of appellate jurisdiction; that Court affirmed the trial court’s judgment, without a published opinion. See Holmes v. Holmes, (No. 1031836, Aug. 12, 2005) 946 So.2d 540 (Ala.2005) (table).
On September 1, 2005, Holmes filed a motion for relief from the April 30, 2004, judgment, pursuant to Rule 60(b), Ala. R. Civ. P. On September 9, 2005, the trial court denied the September 1, 2005, motion. On October 11, 2005, Holmes filed a motion to reconsider the denial of his Rule 60 motion, which the trial court purported to deny on November 16, 2005.
On January 11, 2006, Holmes filed another Rule 60(b) motion for relief from the April 30, 2004, judgment, citing the same grounds that he had asserted in his September 1, 2005, postjudgment motion. The trial court purported to deny Holmes’s *60 January 11, 2006, motion on April 25, 2006. On May 10, 2006, Holmes appealed the denial of his January 11, 2006, motion.
Even though the issue has not been addressed by either party, this court must first determine whether the trial court had jurisdiction to enter an order on Holmes’s January 11, 2006, motion. “ “We must consider, ex mero motu, questions of jurisdiction; and where a judgment appealed from is void for want of jurisdiction we have no alternative but to dismiss the appeal.’” McLendon v. Hepburn, 876 So.2d 479, 481 (Ala.Civ.App.2003) (quoting City of Huntsville v. Miller, 271 Ala. 687, 689,127 So.2d 606, 608 (1958)).
Our Supreme Court has stated:
“Successive Rule 60(b)[, Ala. R. Civ. P.,] motions brought on the same grounds are impermissible because they are ‘generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).’ Wadsworth v. Market Ins. Co., 906 So.2d 179, 182 (Ala. Civ.App.2005). A motion to reconsider the trial court’s denial of a postjudgment motion is barred because after the denial the trial court loses jurisdiction over the action. Ex parte Allstate Life Ins. Co., 741 So.2d 1066, 1070 (Ala.1999); see also Ex parte Jordan, 779 So.2d 183,184 (Ala.2000); Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989); [Ex parte] Dowling, 477 So.2d [400,] 404 [ (Ala.1985) ].”
Pinkerton Sec. & Investigation Servs., Inc. v. Chamblee, 961 So.2d 97, 101-02 (Ala.2006).
Because the trial court lacked jurisdiction to determine Holmes’s January 11, 2006, Rule 60(b) motion, its purported denial of that motion is void. “A void judgment will not support an appeal.” Pinkerton, 961 So.2d at 105. Therefore, we must dismiss this appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. That motion is not in the record on appeal.