CHARLES R. JONES, Judge.
 

 | ,The Plaintiff-Appellant, Dwayne Haley, appeals the judgment of the district court, dismissing his Expedited Rule to Show Cause and Rule for Contempt. We affirm.
 

 The present matter was embarked upon due to Mr. Haley having failed to prevail in a contentious child custody proceeding with the defendant-appellee, Cheryl Leary.
 
 *432
 
 On November 11, 2002, Mr. Haley filed a Petition for joint custody as well as a Motion to Determine the Best Interests of the Minor. Upon review, the district court denied the motions. Mr. Haley filed writ applications to this Court, which were denied. He also filed writ applications to the Louisiana Supreme Court, where the writs were also denied.
 

 Subsequently, Mr. Haley filed an Expedited Rule to Show Cause and Rule for Contempt in the district court, and made defendants in rule were: Judge Herbert Cade, who presided over his trial; the panel of judges on the Fourth Circuit Court of Appeal who denied his appeal; and the members of the Louisiana Supreme Court who denied his writ application. On April 14, 2009, the Expedited Rule to Show Cause and Rule for Contempt were dismissed without prejudice, and lathe judgment was signed on August 26, 2009. In dismissing his Expedited Rule to Show Cause and Rule for Contempt, the court explained that essentially, Mr. Haley was asking the district court to order the Court of Appeal and the Supreme Court to consider the best interests of the child; however, the district court lacked jurisdiction to grant such relief. This timely appeal of that judgment followed., ■
 

 On appeal, Mr. Haley argues that the district court erred in denying his Expedited Rule to Show Cause and Rule for Contempt because the judges and justices who denied the best interests of his minor child “lawfully abandoned and exposed the child” to harm. Furthermore, Mr. Haley argues that the body of judges and justices are responsible for the best interest of the minor child and any cost which may accrue.
 

 The State, representing the judges and justices through the attorney general in this matter, argues that the district court lacked jurisdiction to grant the relief sought by Mr. Haley. In addition, the State argues that the claims of Mr. Haley are barred by judicial immunity because the judges and justices were acting within the scope of their judicial functions.
 

 While Mr. Haley has argues that the judges and justices “denied the best interest [sic] of the minor” and that “they lawfully abandoned and exposed the child” to harm, we find that the matter before us is whether the district court erred in denying the Expedited Rule to Show Cause and Rule of Contempt of Mr. Haley. After a review of the record, we further find the district court did not err in its judgment.
 

 This Court reviews the denial of the Expedited Rule to Show Cause and Rule for Contempt under the manifest error or clearly wrong standard.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). It is well settled that “appellate courts may |snot disturb the fact findings of the trier of fact in the absence of manifest error.”
 
 Mart v. Hill,
 
 505 So.2d 1120, 1127 (La.1987) (citing to
 
 Arceneaux v. Domingue,
 
 365 So.2d 1330, 1333 (La.1979)). In reviewing the decisions of the district court, this court must determine from the record if there is a reasonable factual basis for the findings of the district court and if the record establishes that the findings are not clearly wrong.
 
 Id.
 

 A
 
 review of the record reveals an absence of manifest error due to the factual basis of the district court finding that judicial immunity is applicable in the instant matter, and the record establishes that this determination is not clearly wrong.
 

 It has long been held on the grounds of necessity and public policy that judges acting within the scope of their subject matter jurisdiction cannot be held liable for the acts done in their judicial capacities.
 
 Knapper v. Connick,
 
 96-0434
 
 *433
 
 (La.1996) 681 So.2d 944, 946. It is also settled that,
 

 The immunity is extended because of the function it protects rather than the title of the person who claims it. Absolute immunity attaches to all acts within a judge’s jurisdiction, even if those acts can be shown to have been performed with malice, in order to insure that all judges will be free to fulfill their responsibilities without the threat of civil prosecution by disgruntled litigants.
 

 Id.
 

 In order to determine whether the actions of a judge (or justices) are “judicial in nature,” there are four factors this Court considers:
 

 1. whether the precise act complained of is a normal judicial function;
 

 2. whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge’s chambers;
 

 8. whether the controversy centered around a case pending before the court; and
 

 |44. whether the acts arose directly out of a visit to the judge in his official capacity.
 

 Malina v. Gonzales,
 
 994 F.2d 1121, 1124 (5th Cir., 1993);
 
 rehearing denied,
 
 1 F.3d 304, citing,
 
 McAlester v. Brown,
 
 469 F.2d 1280, 1282 (5th Cir., 1972). These four factors are to be broadly construed in favor of immunity, and immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in a judge’s mind that to take proper action might expose him to personal liability.
 
 Id.
 

 The allegations of Mr. Haley in the instant matter all originate from actions taken by the judges and justices in their capacities as judges. Presiding over a child custody hearing, reviewing the record and briefs on appeal of that hearing, as well as considering writs filed are all normal judicial functions of which judges and justices are granted a privilege cloaked with judicial immunity. All of the acts alleged by Mr. Haley occurred either in the courtroom or appropriate adjunct spaces and are centered around a case pending before the courts. Furthermore, all of the alleged acts arose directly out of Mr. Haley’s contact with the Judges and Justices while in their official capacities.
 

 With all four of the factors met, we find that the actions of the Judges and Justices to be judicial in nature. The Judges and Justices were acting within their subject matter jurisdiction and are entitled to absolute judicial immunity. Thus, the district court did not err in dismissing the Expedited Rule to Show Cause and Rule for Contempt.
 

 Moreover, the district court lacked the power and jurisdiction to compel higher courts to answer for their decisions. The claims of Mr. Haley should more properly be brought before a court of competent jurisdiction. Further, this Court | snotes that the record indicates that Mr. Haley is employed as a member of the judiciary staff at the First City Court, and he may not be aware of supervisory authority. However, should it be determined that Mr. Haley was aware that the district court could not grant his relief, then his actions may have been reckless. We note that Mr. Haley also sent a writ of certiora-ri to the United States Supreme Court with no indication of whether the Supreme Court acted upon his writ. Nevertheless, in the matter before us, although Mr. Haley availed himself of access to the courts via his pauper status while gainfully employed, his filings may be frivolous. A filing constitutes as frivolous when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or
 
 *434
 
 when it is evident that the appellant counsel does not seriously believe the position he advocates.
 
 Hughes v. Fabio,
 
 07-1008, p. 11 (La.App. 5 Cir.2008) 983 So.2d 946, 953. Also, a filing can be deemed frivolous when “the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes.”
 
 Haney v. Davis,
 
 2004-1716, p. 11 (La.App. 4 Cir.2006) 925 So.2d 591, 598.
 

 Mr. Haley has filed an Expedited Rule to Show Cause without any lawful justification other than to interpose the proceedings in what appears to be a simple custody matter, as is clearly illustrated in the record before us. And it appears that he takes such liberties because he has no out of pocket expenses. Thus, due to these glaring abnormalities and assertions alleged in the pleadings filed by Mr. Haley, the Court remands this matter to the distinct court, with orders to conduct a contradictory hearing to determine whether the behavior of Mr. Haley is contemptuous, and to determine whether his In For-ma Pauperis status should be revoked, due to his employed status and possible abuse of legal process.
 

 I «DECREE
 

 For the forgoing reasons, the judgment of the district court in dismissing the Expedited Rule to Show Cause and Rule for Contempt brought by Mr. Haley is affirmed, and the matter is remanded to the district court for a contradictory hearing to determine whether the filing of the instant Rule by Mr. Haley constitutes contempt, and to determine whether his In Forma Pauperis status should be revoked. Should the district court determine that the In Forma Pauperis status of Mr. Haley is to be revoked, all costs of these proceedings shall be assessed to Mr. Haley.
 

 AFFIRMED.
 

 BELSOME, J., concurs in the result.