MAX N. TOBIAS, JR., Judge.
11 This litigation arises from an ongoing child custody dispute between the plaintiff/appellant, Dwayne Haley, and the mother of the minor child, Cheryl G. Leary. Mr. Haley was awarded in forma pauperis status that allows him to avoid the payment of all costs in advance or as they accrue. La. C.C.P. art. 5181. This court has addressed numerous and continuous issues between Mr. Haley and Ms. Leary in several prior filings by Mr. Haley.[1]
In January 2011, Mr. Haley filed a motion for contempt against Beverly Howze, Ph.D. Dr. Howze was appointed by the trial court to perform an evaluation of Mr. Haley, Ms. Leary, and the minor child to assist the court in the underlying child custody matter. Mr. Haley sought the return of the evaluation fee he paid Dr. Howze. Mr. Haley later filed a rule to show cause why Dr. Howze | ¡.should not be “removed from the Judiciary list of Court appointed custody evaluators.”
*1195 In response to the motions for contempt, Dr. Howze filed a cross motion for contempt, as well as an exception of no right of action. This latter pleading addressed the issue of the immunity afforded to court-appointed experts.
The matters were heard on 22 March 2011, at which time the trial court granted the exception of no right of action, thereby dismissing the motion for contempt filed by Mr. Haley. The trial court also denied Dr. Howze’s cross motion for contempt, as well as Mr. Haley’s rule to have Dr. Howze removed from the judicial list of court appointed custody evaluators. The judgment was signed on 30 March 2011.
Thereafter, Mr. Haley filed motions for new trial and to vacate and set aside the judgment, as well as a motion to correct and complete the record. All these motions were denied.
Mr. Haley appealed, arguing that the trial court erred by ruling in Dr. Howze’s favor on his motion to be reimbursed for the fee paid for the evaluation and denying her removal from the judicial list of approved court appointed custody evaluators. He also argues that the trial court did not have jurisdiction over the matter while his writ of certiorari was pending before the United States Supreme Court.
When deciding whether to hold someone in contempt, the trial court is vested with great discretion. City of Kenner v. Jumonville, 97-125, 97-210, 97-602 3(La.App. 5 Cir. 8/27/97), 701 So.2d 223; Reeves v. Thompson, 95-0321 (La.App. 4 Cir. 12/11/96), 685 So.2d 575. The manifest error rule is used when an appellate court is called to review the propriety of civil contempt orders. Parish of Jefferson v. Lafreniere Park Foundation., 98-345 (La.App. 5 Cir. 9/15/98), 720 So.2d 359.
The law in this state is clear and unequivocal: court-appointed experts are afforded absolute immunity as stated by the Louisiana Supreme Court in Marrogi v. Howard, 01-1106, pp. 13-14 (La.1/15/02), 805 So.2d 1118, 1127:
A few Louisiana courts have discussed absolute judicial immunity from civil suit in the context of court-appointed experts. In S.T.J. v. P.M., 556 So.2d 244 (La.App. 2nd Cir.1990), the court held that three psychologists appointed by the court during a custody dispute to evaluate an allegation of sexual abuse of a minor were entitled to absolute judicial immunity from any tort liability asserted in a subsequent suit filed by the losing parent. The court reasoned that the appointed professionals were non-judicial persons fulfilling quasi-judicial functions and, pursuant to La.Code Civ. Proc. art. 373, are classified as officers of the court with functions intimately related to the judicial process. Therefore, such court-appointed experts are entitled to absolute judicial immunity, as are judges, protecting them from having to litigate the manner in which they perform these functions. 556 So.2d at 247, relying on Myers v. Morris, 810 F.2d 1437 (8th Cir.1987) (psychologists-therapists who evaluated child victims of alleged sexual abuse have absolute immunity for damages arising from their performance of delegated functions). The court opined, “Should they be found unprotected by such immunity, it can be envisioned that psychologists would seek to avoid future court appointments and that fear of civil liability could mar opinions and recommendations given to the court.” 556 So.2d at 247.
La. C.C.P. art. 373 supports the Court’s conclusion:
14An expert appointed by a trial court to assist it in the adjudication of a case in which his special skill and knowledge may aid the court is an officer of the *1196 court from the time of his qualification until the rendition of final judgment in the case.
Consequently, this assignment of error is without merit.
Next, Mr. Haley argues that the trial court erred when it declined to remove Dr. Howze from the judicial list of court appointed custody evaluators. While it is an assigned error, Mr. Haley does not address the assignment of error in his brief. The testimony from the hearing does not shed light on the matter. Therefore, we do not have sufficient facts to properly review this assignment of error. In any event, based on what we have in the record before us, we find that the trial court was not manifestly erroneous when it denied Mr. Haley’s rule to show cause against Dr. Howze.
The final assignment of error concerns Mr. Haley’s filing of a writ of cer-tiorari pending before the United States Supreme Court; the writ concerns Mr. Haley’s in forma pauperis status. Mr. Haley argues that the trial court did not have jurisdiction to hear the contempt matters because of the pending writ application. We disagree.
Mr. Haley’s in forma pauperis status concerns only the payment of costs for filing and proceeding with this case; it has no substantive impact on the issues presented in this case or the appeal. We also note that this jurisdictional issue was not raised by Mr. Haley before the trial court except for the issue regarding Mr. Haley’s in foma pauperis, which was continued until the United States Supreme Court issued a decision on his pending writ. Consequently, we find that the Impending writ did not interdict the remaining issues then pending before the trial court. In any event, the United Supreme Court has denied Mr. Haley’s application. Haley v. Leary, — U.S. —, 132 S.Ct. 104, 181 L.Ed.2d 32 (2011)
The court understands Mr. Haley’s frustration with his ongoing custody battle with the mother of his child. But not every adverse decision to a party to litigation arises out of bias and/or conspiracy. Arguing bias and/or conspiracy prolongs the litigation process, and brings one no closer to a resolution of his or her case.
Based on the foregoing, we affirm the decision of the trial court at appellant’s cost.[2]

AFFIRMED.

BAGNERIS, J., concurs in the result.

. In die latest matter before this court, we affirmed the judgment of the trial court, but noted from the record that Mr. Haley was employed as a member of the staff at the First City Court of the City of New Orleans. We, therefore, remanded the matter to the district court for a contradictory hearing to determine whether his in forma pauperis status should be revoked. See Haley v. Leary, 09-1626 (La.App. 4 Cir. 8/4/10), 69 So.3d 430, writ denied 10-2265 (La.12/17/10), 51 So.3d 14. That issue was reviewed by the United States Court based on an application for a writ for certiorari filed by Mr. Haley, and the application was denied. Haley v. Leary, — U.S. —, 132 S.Ct. 104, 181 L.Ed.2d 32 (2011).

. La. C.C.P. art. 2164.