983 So.2d 946 (2008)
Maura Fabio HUGHES
v.
Eugene FABIO.
No. 07-CA-1008.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
Cynthia A. De Luca, Martha J. Maher, Attorneys at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Edith H. Morris, Bernadette R. Lee, Suzanne E. Bayle, Attorneys at Law, New *948 Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In this child custody matter, plaintiff appeals from a ruling of the trial court granting defendant's exception of lack of subject matter jurisdiction. For the reasons stated herein, we affirm the trial court's judgment.
Facts and Procedural History
Plaintiff, Maura Fabio Hughes, and defendant, Eugene Fabio, were married in 1985 and had three children: Nicholas, born June 5, 1987, Alex, born October 10, 1988 and Eric, born October 11, 1992. Plaintiff and defendant were divorced by judgment of a Massachusetts Probate and Family Court in February, 2003. The issue regarding custody of the children was bifurcated and remained open and the parties stipulated that plaintiff was temporarily allowed to relocate from Massachusetts to Louisiana with the minor children, Alex and Eric. The parties also agreed at this time that the Massachusetts court has continuing jurisdiction over the minor children, and that neither party shall seek remedies relating to the children in any other jurisdiction.
Alex has since attained majority, but the minor child Eric remained in Louisiana with plaintiff subject to the visitation schedule of defendant agreed to by the parties on August 19, 2003 and on July 14, 2004. The parties also agreed to establish a hearing and final judgment on the issues of custody. The record indicates that the matter remained open over the next two years, and on March 9, 2007, the trial court set a trial date of April 2-3, 2007. By supplemental judgment dated May 14, 2007, the Massachusetts court stated that the parties were to share custody of their son Eric and the court awarded physical custody to defendant. Plaintiff moved for a new trial of this ruling, and subsequently appealed from this ruling in the Massachusetts court.[1]
On August 16, 2007, plaintiff filed the instant Petition for Recognition and Enforcement of a Foreign Judgment under U.C.C.J.A. La. R.S. 13:1714(A) and Petition to Change Custody in Louisiana district court. Defendant responded to this petition on August 23, 2007 with an exception of lack of subject matter jurisdiction on the basis that pursuant to La. R.S. 13:1815, the Louisiana courts have no jurisdiction to modify the child custody determination made by the Massachusetts court which has exclusive continuing jurisdiction of the matter. Plaintiff opposed this exception on several grounds.
Following a hearing in this matter on September 6, 2007, the trial court rendered judgment on October 23, 2007 granting defendant's exception of lack of subject matter jurisdiction. In its oral reasons for judgment, the court referred to the fact that the Massachusetts court refused to relinquish jurisdiction and to the fact that plaintiff chose not to pursue her right to appeal the Massachusetts judgment rendered in May of 2007.
By this appeal, plaintiff contends that the trial court erred in refusing to allow testimony at the exception hearing and erred in refusing to consider the best interest of the child as a factor in determining subject matter jurisdiction. Plaintiff *949 also contends the trial court erred in failing to make a record and inform the parties promptly of its communication with the Massachusetts court. Finally, plaintiff contends the trial court erred in deferring jurisdiction to the Massachusetts court where Massachusetts is not a UCCJEA state and the supplemental judgment granting physical custody to defendant was rendered without notice or opportunity to be heard.
Law and Discussion
At the time plaintiff filed the petition for change of custody on August 16, 2007, the applicable law on issues related to child custody was the Uniform Child Custody Jurisdiction and Enforcement Act of Chapter 6 of Title 13, comprised of R.S. 13:1801 to R.S. 13:1842, effective August 15, 2007.[2] According to her petition, plaintiff sought modification of a custody order rendered by the Massachusetts court on May 14, 2007 due to a change in circumstances after that judgment was rendered. Plaintiff argues that the Massachusetts court relinquished jurisdiction of the matter once it issued a final judgment in this matter, and that as Louisiana was the minor child's home state, Louisiana had jurisdiction over the matter.
Modification of custody is currently governed by La. R.S. 13:1815:
Except as otherwise provided in R.S. 13:1816, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under R.S. 13:1813(A)(1) or (2) and:
(1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under R.S. 13:1814 or that a court of this state would be a more convenient forum under R.S. 13:1819; or
(2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.
La. R.S. 13:1813 governs initial child custody jurisdiction and provides:
A. Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:
(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child's home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the effects of such emergency or disaster was unable to return to this state for an extended period of time.
(2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and

*950 (a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
(3) All courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under R.S. 13:1819 or 1820; or
(4) No court of any other state would have jurisdiction under the criteria specified in Paragraph (1), (2), or (3) of this Subsection.
B. Subsection A of this Section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
C. Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.
Under the express terms of this statute, a Louisiana court is limited in its ability to assert jurisdiction over a custody issue when another state has rendered a custody determination or otherwise validly asserts jurisdiction over the matter.
The facts of the present case indicate that the parties in this case were divorced by judgment of a Massachusetts court in 2003. At this time, it was stipulated that the Massachusetts court would have continuing jurisdiction over all custody matters, although plaintiff was allowed to temporarily relocate to Louisiana with the minor children. On two separate occasions, plaintiff attempted to assert jurisdiction over the custody matter in Louisiana, and the Louisiana courts determined that the Massachusetts court retained jurisdiction of this matter.[3]
Plaintiff contends that Louisiana should be considered as the home state of the minor child Eric as he lived in Louisiana since the parties agreed to this arrangement in 2004 and has attended school in Louisiana during this time period. However, an analysis of whether a state constitutes the minor child's home state is relevant as a factor in the initial determination of custody as set forth in La. R.S. 13:1813(A). In the present case, a custody determination was made in the state of Massachusetts in May of 2007, and by the instant petition, plaintiff seeks a modification of this order.
In order to assert jurisdiction under the modification statute, the court must determine that Louisiana has jurisdiction to make an initial custody determination and that the court of the other state determines that it no longer has exclusive continuing jurisdiction or that Louisiana would be a more convenient forum or that the child or his parents no longer live in the other state, in this case Massachusetts. La. R.S. 13:1815.
*951 A review of the record in this case fails to show that Louisiana has jurisdiction to modify the initial custody determination in this case. First, the trial court did not have jurisdiction to make an initial determination under La. R.S. 13:1813(A) as the initial ruling was made by the Massachusetts court, the father is a resident of Massachusetts and the child was living in Louisiana pursuant to a temporary order of the Massachusetts court. Based on the clear directives of federal statutory law on this issue[4] as well as the circumstances of the parties and the intent of the Massachusetts court, the Massachusetts court continues to have jurisdiction over the custody matter.[5]
Pursuant to the initial custody determination rendered by the Massachusetts court in May of 2007, the minor child Eric now lives with his father in Massachusetts. Although plaintiff argued in the trial court that Louisiana would be a more convenient forum to hear the custody matter, the record fails to support such an argument. Under the circumstances of this case, Louisiana has no jurisdiction to modify the custody judgment rendered by the Massachusetts court. Pursuant to the mandates of Louisiana law contained in La. R.S. 13:1801, et seq., the trial court correctly granted defendant's exception of lack of subject matter jurisdiction.
Although plaintiff contends the trial court erred in failing to allow testimony at the exception hearing, we find this argument lacks merit. La. C.C.P. art. 930 provides that evidence "may be presented to support or controvert any of the objections when the grounds therefore do not appear from the petition." Plaintiff's petition indicates that there was a custody matter under consideration in the Massachusetts court, and that the Massachusetts court rendered a custody decree in May of 2007, three months before the instant petition was filed. Based on the allegations of the petition which show the grounds of the objection to jurisdiction, we find no abuse of the trial court in ruling on the exception without taking testimony.
Further, the testimony plaintiff sought to introduce was from the minor child's therapist for the purpose of establishing emergency jurisdiction, a claim which was not pled by plaintiff or warranted under the law. La. R.S. 13:1816 governs emergency jurisdiction and requires the child be present in the state to confer such jurisdiction. The record indicates at the time of the hearing in this matter, the minor child was in Massachusetts pursuant to the custody decree and was not present in Louisiana. Thus, the trial court did not abuse its discretion in refusing to allow the testimony of the child's therapist.
Plaintiff also contends that the trial court erred in failing to consider the best interest of the child prior to rendering its decision in this case, citing Gonzales v. Gonzales, 06-290 (La.App. 5 Cir. 6/28/06), 934 So.2d 301, writ denied, 06-1797 (La.7/24/06), 934 So.2d 703. However, the facts of the Gonzales case are distinguishable from the present case and the applicable law in that case was the UCCJA, not *952 the UCCJEA, which is applicable here. Under the current state of the law, there is no requirement to make a determination of best interest of the child prior to rendering a decision on jurisdiction in a custody case. Rather, the trial court determined that another state has continuing exclusive jurisdiction over the custody issues, and both the child and his father are presently residing in the other state. Thus, there is no basis to assert jurisdiction in the Louisiana court, and plaintiff must litigate any change of custody issues, including the best interests of her child, in the Massachusetts court.
Plaintiff contends that the trial court erred in failing to make a record of its communication with the Massachusetts court as required by La. R.S. 13:1810. However, the record indicates that the trial court informed the parties of his communication with the Massachusetts court in open court on the date of the exception hearing. Further, the court allowed the parties to present facts and make legal arguments prior to rendering a decision on jurisdiction. We fail to find that the trial court erred with regard to the communication with the Massachusetts court in this case.
Finally, plaintiff contends that the trial court erred in applying the provisions of the UCCJEA to the Massachusetts judgment, as Massachusetts follows the older statute, the UCCJA. Also, plaintiff contends that the Massachusetts judgment rendered on May 14, 2007 was rendered without notice or opportunity to be heard and is therefore not an enforceable judgment in Louisiana pursuant to the provisions of La. R.S. 13:1817 B.[6] With regard to the applicability of the UCCJEA, we find that this law governs a determination of whether Louisiana can exercise its jurisdiction to modify a judgment rendered by a court of another state. We find the fact that Massachusetts is still governed by the UCCJA to be of no significance in a determination of the exercise of jurisdiction by a Louisiana court.
With regard to plaintiff's allegations regarding notice of the Massachusetts custody hearing and her opportunity to be heard, plaintiff seems to contend that she did not receive proper notice of the custody trial which was held in the Massachusetts court on April 2-3, 2007. Plaintiff thus argues that Louisiana law, and specifically the UCCJEA, cannot be used to govern the enforceability of the Massachusetts judgment. However, Louisiana courts are bound by the provisions of Louisiana law which expressly provides that a Louisiana court is prohibited from exercising jurisdiction based on the facts present in this case. If plaintiff wishes to challenge aspects of the Massachusetts ruling, her remedy is to seek a modification in the Massachusetts court. Louisiana law is clear that Louisiana courts have no jurisdiction over the custody matter in this case.
Answer to Appeal
Defendant has answered this appeal and seeks costs and additional attorney's fees for the filing for a frivolous appeal. Rule 2-19 of the Uniform Rules  Courts of Appeal provides, "The *953 court may award damages for frivolous appeal in civil cases as provided by law." Damages for a frivolous appeal are awarded pursuant to La. C.C.P. art. 2164, which states:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
La. C.C.P. art. 2164, is penal in nature and must be strictly construed. An appellate court may award damages for frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. Alombro v. Alfortish, 02-1081 (La. App. 5 Cir. 4/29/03), 845 So.2d 1162, 1170, citing Johnson v. Drury, 01-833 (La.App. 5 Cir. 12/12/01), 806 So.2d 694.
The facts in this case support such an award. Plaintiff has filed three petitions in Louisiana seeking to modify the custody order by the Massachusetts court although plaintiff stipulated in 2003 and again in 2004 that Massachusetts would have continuing jurisdiction over the custody issues. The first petition was filed in St. Tammany Parish in April of 2004 shortly after plaintiff brought the minor children to Louisiana. Defendant brought an exception of lack of subject matter jurisdiction based on the proceedings in the Massachusetts court, and the trial court maintained the exception. Plaintiff filed a second petition in St. Charles Parish in January of 2007 and defendant brought another exception challenging the court's jurisdiction. On April 2, 2007, the trial court maintained this exception on the basis of the pending proceedings in Massachusetts. The Massachusetts court rendered judgment in May of 2007 awarding physical custody of the minor child to defendant. Three months later, plaintiff filed her third petition seeking to invoke jurisdiction in Louisiana and this matter was assigned to a separate division of the district court in St. Charles Parish. Defendant filed yet another exception of lack of subject matter jurisdiction, and as we have held herein, the trial court correctly maintained the exception on the basis of the continuing jurisdiction in the state of Massachusetts.
Defendant contends that plaintiff's actions in repeatedly filing petitions seeking to invoke jurisdiction over the custody issues in Louisiana constitutes duplicitous, harassing behavior. Under the circumstances presented herein, we agree. Defendant, a Massachusetts resident, has retained Louisiana counsel to defend plaintiff's actions in this state, when the Massachusetts court has retained exclusive jurisdiction over this matter from its inception and the parties stipulated to this issue. The jurisdictional claims repeatedly made by plaintiff in Louisiana have been found to be without factual or legal basis on more than one occasion. We find that plaintiff's current appeal fails to present a serious legal question and that it was filed for the purpose of harassment or delay. Pursuant to La. C.C.P. art. 2164, we therefore assess damages against plaintiff in the sum of $1,500.
Conclusion
Accordingly, for the reasons assigned herein, the judgment of the trial court maintaining defendant's exception of lack of subject matter jurisdiction is affirmed. We also find that plaintiff has filed a frivolous appeal. Consequently, we render judgment in favor of Eugene Fabio and *954 award $1,500.00 in penalties against Maura Fabio Hughes. Additionally, costs of this appeal are assessed against the plaintiff.
AFFIRMED; JUDGMENT RENDERED.
NOTES
[1] Plaintiff subsequently voluntarily withdrew her appeal of the Massachusetts court judgment, and that judgment is now final.
[2] Although plaintiff filed her petition on the basis of the Uniform Child Custody Jurisdiction Act (UCCJA), La. R.S. 13:1700 et seq. that statute was repealed by the legislature and was replaced by the Louisiana Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), La. R.S. 13:1801, et seq. These changes were effective on August 15, 2007, the day before plaintiff's petition was filed.
[3] Plaintiff filed a petition on April 6, 2004 in St. Tammany Parish, Louisiana for the court to assume jurisdiction over custody and related issues. At the same time, plaintiff sought to defer jurisdiction in Massachusetts and to stay the proceedings there pending the determination of jurisdiction in Louisiana. The Massachusetts court denied plaintiff's motion and the St. Tammany Parish court maintained defendant's exception of lack of subject matter jurisdiction and dismissed plaintiff's petition. On January 30, 2007, plaintiff filed a petition to change custody in St. Charles Parish, Louisiana. Defendant responded with an exception of lack of subject matter jurisdiction which was maintained by the court on April 2, 2007, dismissing plaintiff's petition.
[4] The UCCJEA was enacted to comport with federal statute, the Parental Kidnapping Prevention Act (PKPA), codified in 28 U.S.C. Section 1738A. The principal purpose of the federal statute is to enjoin a state from exercising jurisdiction if a custody action is properly pending in another state.
[5] Plaintiff alleges that once a final custody determination was made, the Massachusetts court relinquished jurisdiction over the custody issues pursuant to the provisions of the UCCJA. However, in the custody determination, physical custody was given to defendant, a resident of Massachusetts, and therefore, the Massachusetts court did not relinquish jurisdiction over this matter.
[6] La.R.S. 13:1817 provides in pertinent part:

A. Before a child custody determination is made under this Act, notice and an opportunity to be heard in accordance with the standards of R.S. 13:1808 shall be given to all persons entitled to notice under the laws of this state as in child custody proceedings between residents of this state, any parent whose parental rights have not been previously terminated, and any person having physical custody of the child.
B. This Act does not govern the enforceability of a child custody determination made without notice or an opportunity to be heard.