# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-1055


**GERALYN ADGIA LAMBERT HARTMAN**

**VERSUS**

**WESLEY WOOD LAMBERT**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-C-2412-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

**VACATED AND REMANDED.**



**Charles Sterling Lambert, Jr.**
**Attorney at Law**
**11940 Industriplex Blvd., #1**
**Baton Rouge, LA 70809**
**(225) 405-0660**
**Counsel for Defendant/Appellee:**
**Wesley Wood Lambert**

**Charles G. Fitzgerald**
**Cox Fitzgerald, L.L.C.**
**113 West Convent Street**
**Lafayette, LA 70501**
**(337) 233-9743**
**Counsel for Plaintiff/Appellant:**
**Geralyn Adgia Lambert Hartman**

**SAUNDERS, Judge.**

This is a family proceeding wherein the mother of a minor child attempted to register the support and custody order from an Orleans Parish court in a Saint Landry Parish court. Further, after registering the order, the mother filed a rule to modify legal and physical custody. The father of the child filed various declinatory and dilatory objections, including an objection to jurisdiction.

The St. Landry Parish court found that it did not have jurisdiction over the matters presented because a previous judgment reached by an Orleans Parish court stated that it "shall retain continuing, exclusive jurisdiction of this proceeding and all orders herein." Accordingly, the St. Landry Parish court dismissed the mother's actions, with prejudice, cast her with costs of the proceedings, and, further, transferred the matters to Orleans Parish.

The mother filed this appeal from the St. Landry Parish court's judgment. She assigned three assignments of error. We find that her first assignment of error, relating to subject matter jurisdiction, has merit. Accordingly, we vacate the St. Landry Parish court's judgment and remand the case for further proceedings not inconsistent with this opinion.

**FACTS AND PROCEDURAL HISTORY:**

Geralyn Adagia Lambert Hartman (Hartman) and Wesley Wood Lambert (Lambert) were previously married, are now divorced, and are the parents of one minor child, born January 8, 1997.

In 1997, Lambert commenced a civil action for divorce against Hartman in the proceeding entitled *Wesley W. Lambert v. Geralyn A. Lambert*, bearing number 1997-20811 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana. By consent judgment entered into on February 23, 1998, Lambert and

Hartman were awarded joint custody of the minor child. The judgment further established child support in favor of Hartman.

On November 15, 2005, Lambert filed a rule to modify legal and physical custody in Orleans Parish. At the time of the filing, Lambert maintained a residence in Orleans Parish. Hartman was then a domiciliary of St. Landry Parish. Within months of the filing of this rule, Lambert moved from Louisiana to Nassau, Bahamas.

Notwithstanding the foregoing, the parties ultimately entered into an agreement concerning all custody issues, which was stipulated to in open court on July 25, 2006. The transcript from the July 25th hearing evidences that the trial court granted Lambert's oral motion for entry of an order of continuing and exclusive jurisdiction.

On May 11, 2007, Hartman filed a petition to register foreign support orders in the St. Landry Parish Judicial District Court. An order registering the Orleans Parish judgment of support and custody was signed that day.

Hartman then filed a rule to modify child support and physical custody on March 24, 2008, again in St. Landry Parish. Lambert responded on April 23, 2008, by filing various declinatory and dilatory exceptions, and objected to the registration of the Orleans Parish support and custody judgment.

The hearing on Lambert's exceptions and objection was held on May 30, 2008. After taking the matter under advisement, the St. Landry Parish court issued its reasons for judgment on June 6, 2008. In those reasons the court concluded that the Orleans Parish judgment divested the St. Landry Parish court of jurisdiction over the proceedings. Accordingly, the St. Landry Parish court dismissed Hartman's rule with prejudice, with Hartman to pay costs for the proceedings, and transferred all other proceedings to Orleans Parish. Hartman appealed this judgment, alleging the

following assignments of error:

**ASSIGNMENTS OF ERROR:**

1. The trial court committed legal error in concluding that it had been divested of jurisdiction by judgment of the Civil District Court for the Parish of Orleans.

2. The trial court committed legal error in concluding that the judgment of the Civil District Court for the Parish of Orleans concerning jurisdiction superseded Louisiana Code of Civil Procedure article 74.2.

3. The trial court committed legal error in not declaring as absolutely null the judgment of the Civil District Court for the Parish of Orleans concerning jurisdiction.

**ASSIGNMENT OF ERROR NUMBER 1:**

Hartman contends in her first assignment that the trial court committed legal error in concluding that it had been divested of jurisdiction by the judgment of the Civil District Court for the Parish of Orleans. We find that this contention has merit.

A determination of whether a court has subject matter jurisdiction over a case and personal jurisdiction over a party is subject to a de novo review. *Southeast Wireless Network, Inc. v. U.S. Telemetry Corp.*, 06-1736 (La. 4/11/07), 954 So.2d 120. Louisiana Constitution Article 5 § 16(A)(1) provides that "[e]xcept as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters."

The St. Landry Parish Judicial District Court found that it did not have jurisdiction over any of the issues in this case, "in light of the retention of continuing, exclusive jurisdiction by the Orleans Parish Court." Due to this finding, the St. Landry Parish Judicial District Court ordered the matter transferred to the Civil District Court for the Parish of Orleans and dismissed Hartman's claims, with prejudice, at her own cost. After a de novo review of the record, we find that the St.

3

Landry court made an error of law.

Article 5 § 16(A)(1) expressly provides that "[e]xcept as otherwise authorized by this constitution or except as heretofore or hereafter provided by law. . . a district court shall have original jurisdiction of all civil and criminal matters." The petition to register support orders and the rule to modify child support and physical custody filed by Hartman clearly are civil matters. Thus, absent some circumstance "otherwise authorized by" the Louisiana Constitution or absent provision "by law," the St. Landry court does have subject matter jurisdiction over this matter.

Lambert argues that because both parties are subject to the final judgment reached by the Orleans Parish court stating that it "shall retain continuing, exclusive jurisdiction of this proceeding and all orders herein," Hartman cannot deviate from this judgment because it became the law of the case and is binding on the parties. This argument has no merit.

Our Legislature has determined that district courts generally have original jurisdiction over civil matters, noting that some exceptions arise when the legislature deems it necessary. One such exception that grants a district court with general subject matter jurisdiction to retain "continuing and exclusive jurisdiction" over matters of custody and support is La.R.S. 13:1814(A)[1]. It forms part of the Uniform Child Custody Jurisdiction and Enforcement Act (La.R.S. 13:1801-1842) and

---

[1] A. Except as otherwise provided in R.S. 13:1816, a court of this state which has made a child custody determination consistent with R.S. 13:1813 or 1815 has exclusive, continuing jurisdiction over the determination until:

(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

provides for continuing, exclusive jurisdiction in interstate custody disputes. Here, we do not have such a dispute as the case before us is an intrastate dispute. Therefore, La.R.S. 13:1814 does not apply.

A second piece of legislation that provides for a court to have continuing, exclusive jurisdiction is La.R.S. 9:355.17, which provides, "[i]f the court grants authorization to relocate, the court may retain continuing, exclusive jurisdiction of the case after relocation of the child as long as the non-relocating parent remains in the state." The case before us does not implicate relocation of the child as defined in La.R.S. 355.1(4),[2] because Hartman neither moved the child to another state nor established the legal residence of the child at a distance of more than one hundred and fifty miles from her original domicile.

This court's reading of the trial court decision convinces us that the court below felt the cited provisions were applicable to the present case. They are not. This court further reads the judgment of the Orleans Parish District Court to be an effort to maintain jurisdiction to the extent allowed by La.R.S. 355.17. We do not read it as an attempt to expand its jurisdiction beyond that granted by our legislature nor an attempt to limit jurisdiction granted to its sister court by our legislature.

Therefore, we find that the St. Landry Judicial District Court made an error of

---

[2] Louisiana Revised Statutes 355.1(4) states: "Relocation" means:

(a) Intent to establish legal residence with the child at any location outside of the state.

(b) If there is no court order awarding custody, an intent to establish legal residence with the child at any location within the state that is at a distance of more than one hundred fifty miles from the other parent. If there is a court order awarding custody, then an intent to establish legal residence with the child at a distance of more than one hundred fifty miles from the domicile of the primary custodian at the time the custody decree was rendered.

(c) A change in the principal residence of a child for a period of sixty days or more, but does not include a temporary absence from the principal residence.

law in granting Lamberts' exceptions to jurisdiction. The court does have subject matter jurisdiction over Hartman's Petition to Register Support Orders and the Rule to Modify Child Support and Physical Custody. Accordingly, we vacate its judgment and remand the case for further proceedings regarding the merits of the other exceptions Lambert has raised.

**ASSIGNMENT OF ERROR NUMBER 2:**

Hartman alleges that the trial court committed legal error in concluding that the judgment of the Civil District Court for the Parish of Orleans concerning jurisdiction superseded Louisiana Code of Civil Procedure article 74.2. This assignment is pretermitted by our finding in Assignment of Error Number 1.

**ASSIGNMENT OF ERROR NUMBER 3:**

Hartman asserts that the trial court committed legal error in not declaring as absolutely null the judgment of the Civil District Court for the Parish of Orleans concerning jurisdiction. We do not agree.

"When a judgment is absolutely null based on a jurisdictional ground, it has no legal existence, and its nullity may be shown in collateral proceedings at any time and before any court." *Taylor v. Hixon Autoplex of Alexandria, Inc.*, 00-1096, pp. 6-7 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, 1286.

As we discussed in Assignment of Error Number 1, there are two instances where our legislature has granted a district court the power to retain continuing, exclusive jurisdiction. We read the Orleans Parish judgment to have been made for such situations, should they arise in this case. Thus, the judgment is not absolutely null on its face. Should the intent of the judgment be read to be an exercise of power greater than that granted by our legislature, such as the interpretation made by the St.

6

Landry Parish Court, we would not hesitate to declare it null and void per the *Taylor* case cited above and La.Code Civ.P. art. 2002.

**CONCLUSION:**

Lambert filed this appeal in regards to the St. Landry Parish court's judgment, assigning three assignments of error. We find that her first assignment of error relating to jurisdiction has merit. Accordingly, for the reasons expressed above, we vacate the St. Landry Parish court's judgment and remand the case for further proceedings not inconsistent with this opinion. Costs of these proceedings are to be paid by Wesley Wood Lambert.

**VACATED AND REMANDED.**