STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1176

HONEI OTWELL

VERSUS

JODY OTWELL

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 26,020 "B"
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Shannon J. Gremillion,
Judges.

REVERSED.

Charles Overton LaCroix
LaCroix, Levy & Barnett, LLC
P. O. Box 1105
Alexandria, LA 71309-1105
(318) 443-7615
Counsel for Defendant/Appellant:
Jody Otwell

Brandy McClure
Smith, Taliaferro & Purvis
P. O. Box 298
Jonesville, LA 71343
(318) 339-8526
Counsel for Plaintiff/Appellee:
Honei Otwell

**GREMILLION, Judge**.

The defendant/appellant, Jody Paul Otwell, appeals the judgment in favor of the plaintiff/appellee, Honei Brown Otwell, modifying a Georgia-issued child custody and support order. For the following reasons, we reverse.

### FACTUAL AND PROCEDURAL HISTORY

Jody and Honei are the parents of two children, Savannah born in 1998, and Marleigh born in 2007. Jody and Honei entered into a Settlement Agreement in April 2009 and were divorced in May 2009 pursuant to a Final Judgment and Decree filed in the Superior Court of Henry Country, State of Georgia. The Final Judgment and Decree approved the agreement of the parties filed in April 2009. Honei and Jody were ordered to strictly comply with its terms.

In March 2010, Honei filed a Motion to Modify Visitation and Child Support in the Seventh Judicial District Court in Catahoula Parish urging that venue was proper in Catahoula because the children had resided there for a more than a year. She claimed that circumstances had materially changed warranting a change in visitation and child support. Jody filed an Exception of Lack of Subject Matter Jurisdiction urging that the Georgia judgment could not be modified for lack of jurisdiction pursuant to La.R.S. 13:1815 and La.Ch.Code arts. 1306.11 and 1306.13. Following a hearing in June 2010, the trial court found Jody's Exception untimely and, therefore, waived. However, in its July 2010 "Order" it found that ruling incorrect and determined the exception was timely filed and the merits were to be considered and ruled on. The July judgment in the record before us does not mention the Exception of Lack of Subject Matter Jurisdiction, but instead substantially modified the existing Georgia decree pertaining to visitation and support. Jody now

1

appeals and assigns as error the trial court's denial of his Exception of Lack of Subject Matter Jurisdiction relating to child support and child custody.

## DISCUSSION

*Modification of the Georgia Custody Decree*

A most basic tenet of our law is a court's power to hear an action before it. "Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La.Code Civ.P. art. 1. Subject matter jurisdiction is "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La.Code Civ.P. art. 2. "The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void." La.Code Civ.P. art. 3. The issue of whether a court has subject matter jurisdiction can be raised at any time and by the court on its own motion. *Boudreaux v. State, Dept. of Transp. and Development,* 01-1329 (La.2/26/02), 815 So.2d 7. Furthermore, the court has the duty to examine subject matter jurisdiction sua sponte, even if the litigants have not raised the issue. *Id.* Whether a district court has subject matter jurisdiction over a case is subject to a de novo review. *Hartman v. Lambert,* 08-1055 (La.App. 3 Cir. 2/04/09), 7 So.3d 758.

The Uniform Child Custody Jurisdiction and Enforcement Act, found in La.R.S. 13:1801 et seq., effective August 2007, pertains to this litigation. Particularly applicable to these circumstances is La.R.S. 13:1815 which applies to the

2

jurisdiction of a Louisiana court to modify the determination of another court (emphasis added):

> Except as otherwise provided in R.S. 13:1816, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under R.S. 13:1813(A)(1) or (2) and:
>
> (1) *The court of the other state* determines it no longer has exclusive, continuing jurisdiction under R.S. 13:1814 or that a court of this state would be a more convenient forum under R.S. 13:1819; or
>
> (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

Louisiana Revised Statute 13:1813 pertains to an initial determination of child custody and states:

> A. Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:
>
> (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child's home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the effects of such emergency or disaster was unable to return to this state for an extended period of time.
>
> (2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and
>
> (a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
>
> (b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

3

(3) All courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under La.R.S. 13:1819 or 1820; or

(4) No court of any other state would have jurisdiction under the criteria specified in Paragraph (1), (2), or (3) of this Subsection.

B. Subsection A of this Section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

C. Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

Under the express terms of this statute, a Louisiana court does not have subject matter jurisdiction over a custody issue if another state has rendered a child custody determination. Honei argues that because Louisiana is the "home state" of the children, a Louisiana court had subject matter jurisdiction to modify the order. This argument fails. When a custody determination has been issued by another state, a Louisiana court does not have jurisdiction unless *the other state* has determined that it no longer has jurisdiction or that the Louisiana court would be a more convenient forum. La.R.S. 13:1815 (1). *See Hughes v. Fabio*, 07-1008 (La.App. 5 Cir. 3/25/08), 983 So.2d 946. Honei fails to distinguish that it is the *court of the state that has already issued a child custody order* that must determine if the other forum is more convenient. There is simply no indication in the record that a Georgia court has determined that it no longer has jurisdiction or that Louisiana would be a more convenient forum. Accordingly, the trial court erred in exercising subject matter jurisdiction over the child custody issues and that portion of the judgment is void.

*Modification of the Georgia Support Award*

The Uniform Interstate Family Support Act found in the La.Ch.Code arts. 1301.1 et seq. was enacted to unify the law among the states enacting the provisions. La.Ch.Code art. 1301.2. It has been adopted by every state in the United

4

States. Louisiana Children's Code article 1306.11 provides for the modification of the child support order of another state:

> A. After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if Article 1306.13 (Jurisdiction to modify child support order of another state when individual parties reside in this state) does not apply and, after notice and hearing, it finds that either:
>
> (1) All of the following requirements are met:
>
> (a) The child, the individual obligee, and the obligor do not reside in the issuing state.
>
> (b) A petitioner who is a nonresident of this state seeks modification.
>
> (c) The respondent is subject to the personal jurisdiction of the tribunal of this state.
>
> (2) The child or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed a written consent in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to the procedures under this Chapter, the consent otherwise required of an individual residing in this state is not required for the tribunal to assume jurisdiction to modify the child support order.
>
> B. Modification of a registered child support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner.
>
> C. A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing sate. If two or more tribunals have issued child support orders for the same obligor and child, the order that controls and must be so recognized under the provisions of Article 1302.7 (Recognition of controlling child support order) establishes the aspects of the support order that are nonmodifiable.
>
> D. On issuance of an order modifying a child support order issued in another state, a tribunal of this state becomes the tribunal having continuing, exclusive jurisdiction.

Louisiana Children's Code article 1306.13 provides:

5

A. If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order.

B. A tribunal of this state exercising jurisdiction as provided in this Article shall apply the provisions of Sections 1 and 2 of this Chapter, this Article, and the procedural and substantive laws of this state to the proceeding for enforcement or modification. Sections 3, 4, 5, 7, and 8 of this Chapter do not apply.

Honei argues that pursuant to La.Ch.Code art. 1302.1(2), the trial court "properly exercised personal jurisdiction for modification of the child support order." This argument fails to distinguish between personal and subject matter jurisdiction. Jody continues to live in the state that issued the support order—Georgia. Again, according to the clear and express terms of the statutes, a Louisiana court has no subject matter jurisdiction to modify the child support award. Georgia continues to have exclusive jurisdiction over this matter. *See* La.Ch.Code art. 1302.5.

Furthermore, Honei's argument that Jody made a general appearance and, thereby, waived "personal jurisdiction" is flawed in two respects. First, Jody's attorney's response to this suit is not a general appearance, and secondly, the issue is whether the trial court had subject matter jurisdiction, not personal jurisdiction. Assuming the trial court did have personal jurisdiction over Jody, it still does not have subject matter jurisdiction over the support issue. Accordingly, the trial court's erroneous modification of the child support order is void and the Geogia support order is reinstated.

**CONCLUSION**

The judgment of the trial court modifying both the custody award and the support award is void for lack of subject matter jurisdiction. The Final Judgment and Decree rendered in May 2009, adopting the Settlement Agreement of April 2009

6

entered into by the parties, by the Superior Court of Henry County is hereby reinstated.  All costs of this appeal are assessed against the plaintiff/appellee, Honei Brown Otwell.

**REVERSED**.