STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-705

DONALD BRUNT

VERSUS

LISA OSTIC ABERNATHY

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 83,639, DIV. C
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.

REMANDED.

David C. Hester, Attorney at Law
2820 Jackson Street
Alexandria, LA 71301
COUNSEL FOR PLAINTIFF/APPELLEE:
    Donald Brunt

Jennifer Matte, Attorney at Law
426 Kirby Street, Suite B
Lake Charles, LA 70601
COUNSEL FOR DEFENDANT/APPELLANT:
    Lisa Ostic Abernathy

**PAINTER, Judge**

Lisa Ostic Abernathy appeals the judgment of the trial court awarding joint custody of the minor child, designating Donald Brunt as the domiciliary parent subject to her visitation, and failing to give full faith and credit to the judgment issued in her favor in Oklahoma. For the following reasons, we remand the matter to the trial court to communicate with the Oklahoma court.

## FACTS AND PROCEDURAL HISTORY

The parties are the parents of a minor child, born January 15, 2006, custody of whom is disputed in this matter. The parties were divorced in Oklahoma in 2007, and an Oklahoma judgment gave them joint custody with the mother, Lisa Ostic Abernathy, being designated "primary careteaker." Custody was to be on a six month rotation until the child started school. The father, Donald Brunt, is in the military and is currently stationed at Fort Polk, Louisiana.

Abernathy alleges that Donald failed to return the child to her custody on May 29, 2010, following a visit which took place in Alaska. Donald alleges that Lisa failed to show up for the exchange and that she currently has no permanent residence. Donald also alleges that Lisa gave physical custody of the child to him on September 25, 2009, in Colorado. Abernathy did sign a handwritten note stating that Brunt and his wife, Nathaly, had permission to take the child to Alaska, to be returned to Abernathy on May 29, 2010.

Donald filed this rule for custody in Vernon Parish on August 19, 2010, and this rule referenced the consent judgment as to custody rendered in Oklahoma. Lisa filed an answer in Vernon Parish and did not object to subject matter jurisdiction. Lisa also filed a petition for habeas corpus in Oklahoma and obtained same on September 3, 2010. Donald alleges that this writ was never served on him. A trial, at which Lisa was present but unrepresented by counsel, occurred on

November 8, 2010. At that time, the trial court found that Louisiana was the child's home state since the child had been living in Louisiana over a year. The court awarded joint custody of the child, with Donald being named domiciliary parent subject to the child's visitation with Lisa. The judgment was signed on January 3, 2011. Lisa filed a motion for appeal, and Donald filed a motion to dismiss the appeal on the ground that the motion for appeal was untimely. Lisa then filed an exception of lack of subject matter jurisdiction. The trial court denied Donald's motion to dismiss appeal and granted Lisa's motion for appeal. With respect to Lisa's exceptions as to subject matter jurisdiction, the trial court denied these exceptions, finding that Louisiana is the child's home state and that Lisa acquiesced to jurisdiction in Louisiana.

On appeal, Lisa asserts that the trial court erred in failing to give full faith and credit to the Oklahoma judgment and should have declined jurisdiction in Louisiana.

## DISCUSSION

In *Otwell v. Otwell*, 10-1176, pp. 2-4 (La.App. 3 Cir. 2/9/11), 56 So.3d 1232, 1233-35, this court stated:

> A most basic tenet of our law is a court's power to hear an action before it. "Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La.Code Civ.P. art. 1. Subject matter jurisdiction is "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La.Code Civ.P. art. 2. "The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void." La.Code Civ.P. art. 3. The issue of whether a court has subject matter jurisdiction can be raised at any time and by the court on its own motion. *Boudreaux v. State, Dept. of Transp. and Development*, 01-1329 (La. 2/26/02), 815 So.2d 7. Furthermore, the court has the duty to examine subject matter jurisdiction sua sponte, even if the litigants have not raised the

2

issue. *Id*. Whether a district court has subject matter jurisdiction over a case is subject to a de novo review. *Hartman v. Lambert*, 08-1055 (La.App. 3 Cir. 2/04/09), 7 So.3d 758.

The Uniform Child Custody Jurisdiction and Enforcement Act, found in La.R.S. 13:1801 et seq., effective August 2007, pertains to this litigation. Particularly applicable to these circumstances is La.R.S. 13:1815 which applies to the jurisdiction of a Louisiana court to modify the determination of another court (emphasis added):

> Except as otherwise provided in R.S. 13:1816, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under R.S. 13:1813(A)(1) or (2) and:
>
> (1) *The court of the other state* determines it no longer has exclusive, continuing jurisdiction under R.S. 13:1814 or that a court of this state would be a more convenient forum under R.S. 13:1819;
>
> (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

Louisiana Revised Statutes 13:1813 pertains to an initial determination of child custody and states:

> A. Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:
>
> (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child's home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the effects of such emergency or disaster was unable to return to this state for an extended period of time.
>
> (2) A court of another state does not have jurisdiction or a court of the home state of the child has

declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and

(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under La.R.S. 13:1819 or 1820; or

(4) No court of any other state would have jurisdiction under the criteria specified in Paragraph (1), (2), or (3) of this Subsection.

B. Subsection A of this Section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

C. Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

Under the express terms of this statute, a Louisiana court does not have subject matter jurisdiction over a custody issue if another state has rendered a child custody determination. Honei argues that because Louisiana is the "home state" of the children, a Louisiana court had subject matter jurisdiction to modify the order. This argument fails. When a custody determination has been issued by another state, a Louisiana court does not have jurisdiction unless the other state has determined that it no longer has jurisdiction or that the Louisiana court would be a more convenient forum. La.R.S. 13:1815(1). *See Hughes v. Fabio*, 07-1008 (La.App. 5 Cir. 3/25/08), 983 So.2d 946. Honei fails to distinguish that it is the *court of the state that has already issued a child custody order* that must determine if the other forum is more convenient. There is simply no indication in the record that a Georgia court has determined that it no longer has jurisdiction or that Louisiana would be a more convenient forum. Accordingly, the trial court erred in exercising subject matter jurisdiction over the child custody issues and that portion of the judgment is void.

4

Here, there is ample evidence that Louisiana is a more convenient forum than Oklahoma since no one currently resides in Oklahoma. However, there is no evidence that the Oklahoma court has determined that it no longer has jurisdiction. As in *Otwell*, it is the court of the other state, Oklahoma, that must determine that Louisiana is the more convenient forum.

However, in this instance, we find that La.R.S. 13:1816 providing for temporary emergency jurisdiction is applicable. That statute reads:

> A. A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.
>
> B. If there is no previous child custody determination that is entitled to be enforced under this Act and a child custody proceeding has not been commenced in a court of a state having jurisdiction under R.S. 13:1813 through 1815, a child custody determination made under this Section remains in effect until an order is obtained from a court of a state having jurisdiction under R.S. 13:1813 through 1815. If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under R.S. 13:1813 through 1815, a child custody determination made under this Section becomes a final determination, if it so provides and this state becomes the home state of the child.
>
> C. If there is a previous child custody determination that is entitled to be enforced under this Act, or a child custody proceeding has been commenced in a court of a state having jurisdiction under R.S. 13:1813 through 1815, any order issued by a court of this state under this Section shall specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under R.S. 13:1813 through 1815. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires.
>
> D. A court of this state which has been asked to make a child custody determination under this Section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by a court of a state having jurisdiction under R.S. 13:1813 through 1815, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to R.S. 13:1813 through 1815, upon being informed that a child custody proceeding has been commenced in, or a

5

child custody determination has been made by a court of another state under a statute similar to this Section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.

We find that the evidence is sufficient to warrant temporary emergency jurisdiction under subsection A. However, the order issued by the trial court should have contained a time period for the mother to obtain an order from the Oklahoma court. Moreover, this statute also requires the trial court to communicate with the Oklahoma court, and we find no evidence that this was done or that Oklahoma has determined that it no longer has jurisdiction. We agree with the trial court that Louisiana is now the home state of the minor child; however, we are forced to remand this matter for compliance with La.R.S. 13:1816 and for a determination by the Oklahoma court as to its jurisdiction. Custody of the minor child with Brunt is maintained pursuant to temporary emergency jurisdiction, pending the trial court's compliance with La.R.S. 13:1816.

### DECREE

For all of the foregoing reasons, we remand this matter to the trial court for compliance with La.R.S. 13:1816. Costs are assessed equally between the parties.

**REMANDED.**

6