Judgment rendered December 14, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,916-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ROBIN JANE SANDERS                    Plaintiff-Appellee

versus

CHRISTOPHER D. RODGERS                Defendant-Appellants
AND MANDY ANGELO

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 165,337

Honorable John M. Robinson, Judge *(Pro Tempore)*

* * * * *

CHRISTOPHER DANIEL RODGERS            Pro Se


WEEMS, SCHIMPF, HAINES,               Counsel for Appellee
SHEMWELL & MOORE (APLC)
By: Kenneth P. Haines


* * * * *

Before MOORE, COX, and HUNTER, JJ.


HUNTER, J., concurs with written reasons.

**MOORE, C.J.**

Christopher Rodgers, in proper person, appeals a judgment that awarded custody of his minor son, KA (born 5/22/19), to the child's paternal aunt, Robin Sanders. We affirm.

## PROCEDURAL HISTORY

KA was born in St. Bernard Parish, Louisiana. According to the petition, he was born addicted to cocaine and opiates; he spent his first two months in NICU. Because of the child's special needs and his mother's, Mandy Angelo's, drug addiction, the Department of Children and Family Services filed a child in need of care ("CINC") action; Rodgers gave a DNA test and was determined to be KA's father. After a hearing in July 2019, the 34th Judicial District Court, St. Bernard Parish, found KA was not in need of care, awarded custody to Rodgers, and declared the case closed.

Ms. Sanders filed this petition for emergency ex parte custody in the 26th JDC, Bossier Parish, in July 2021. She alleged that she was KA's paternal aunt and had been exercising physical custody in Bossier City since December 2019. Further, Rodgers was currently in jail on charges of aggravated battery, unauthorized entry of an inhabited dwelling, and contractor fraud; he told Ms. Sanders he intended to skip bail, take KA, and disappear; he was mentally unstable, fiscally irresponsible, and still a drug user; as a result, he was unable to care for KA properly. By contrast, Ms. Sanders alleged, she was providing a wholesome, stable, and loving environment for the child. She demanded an ex parte order of custody, La. C.C.P. art. 3945, and permanent custody, La. C.C. art. 133. The court granted an ex parte order as prayed for, on July 16, 2021, and named

curators to serve Rodgers and Ms. Angelo. They were never able to locate Ms. Angelo.

Rodgers, however, was located and served, and he appeared at a rule on September 29, 2021. No transcript of this hearing is included in the record, but the court minutes and the order issued that day both recite that the court granted Rodgers a continuance to retain counsel and maintained the ex parte custody order until a full hearing, scheduled for October 21, 2021.

The full hearing took place on that date, but Rodgers did not appear; Ms. Sanders testified that he was in Caddo Correctional Center on a rape charge. She then testified to the facts outlined above, including that she was Rodgers's stepsister and had grown up with him. After receiving custody of KA, Rodgers brought him to his condominium, in Shreveport, but relied on help from the mother of his three daughters, and from neighbors, to take care of the child. Around Christmas 2019, he brought KA to Ms. Sanders, and she has had him ever since. She took him to LSUHSC and successfully weaned him off phenobarbital, which had been prescribed to alleviate withdrawal from cocaine; she is now taking him to therapy for developmental, autism-spectrum, and speech disorders, but she cannot manage the child's insurance because she does not have legal custody. She also felt that in the current circumstances, it would be dangerous to give KA back to Rodgers.

The court rendered judgment awarding sole custody of KA to Ms. Sanders. The judgment also prohibited visitation by either Rodgers or Ms.

Angelo until he or she could show a negative drug screen for 60 days. [1] This judgment was mailed October 26, 2021.

After receipt of judgment, Rodgers filed several handwritten motions. On November 29, he filed a motion for rehearing and to rescind the judgment, with a notice of appeal. He argued that the court lacked jurisdiction over the case; the district court peremptorily denied this.

On December 7, he filed a motion for appeal, and the court set a return date 45 days after payment of costs; Rodgers later applied for, and received, pauper status. [2]

On December 10, he filed a motion for reconsideration, which the court summarily denied.

On February 3, 2022, he filed a petition for nullity of judgment; the record shows no action on this filing.

## ASSIGNMENTS OF ERROR

By his original brief, Rodgers designated four assignments of error:

(1) The trial court based upon materially false testimony committed legal error in concluding it had jurisdiction to modify and supersede the judgment of the Civil District Court for St. Bernard Parish.

(2) The trial court committed legal error in not declaring its judgment as absolutely null for lack of subject matter jurisdiction and improper venue.

(3) The trial court erred in not holding the plaintiff in contempt.

(4) The trial court erred in failing to grant rehearing and transfer the matter to proper venue.

---

[1] Ms. Sanders has advised this court that Ms. Angelo died, of a drug overdose, on October 16, 2022.

[2] Ms. Sanders moved to dismiss the appeal as untimely, but this court denied it on October 5, 2022. We credited Rodgers's affidavit that he actually placed his notice of appeal with inmate mail on November 22, 2021, making it timely.

Rodgers also filed a reply brief arguing, among other things, that he did not receive proper notice of the October 21, 2021, hearing.

## DISCUSSION

In the interest of justice, the appellate court will read pro se filings indulgently and try to discern the thrust of the appellant's position and the relief he seeks. *Credit Accept. Corp. v. Prevo*, 52,734 (La. App. 2 Cir. 6/26/19), 277 So. 3d 847, and citations therein. However, even with the latitude extended to a pro se litigant in the form of liberally construed pleadings, the appellant is required to meet his burden of proof. *Id.*

Rodgers's argument does not directly track the assignments. His first several pages are an exposition of jurisdiction and venue, La. C.C.P. arts. 1-10, La. Const. art. V, § 10, and *Boudreaux v. State*, 01-1329 (La. 2/26/02), 815 So. 2d 7. He concedes that he never raised jurisdiction or venue in the trial court, but argues that this court can notice the issue sua sponte, and cites *Hartman v. Lambert*, 08-1055 (La. App. 3 Cir. 2/4/09), 7 So. 3d 758, in support. He also cites and discusses the Uniform Child Custody Jurisdiction and Enforcement Act, La. R.S. 13:1801-1842, as pertinent to venue.

These arguments lack merit. A court which is otherwise competent under the laws of Louisiana has jurisdiction over a proceeding "to obtain the legal custody of a minor if he is domiciled in, or is in, this state." La. C.C.P. art. 10 A(5). All the pleadings alleged that KA is domiciled in, or present in, Louisiana, and no evidence showed otherwise; hence, jurisdiction was proper. A proceeding to obtain the legal custody of a child "may be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile." La. C.C.P. art. 74.2 A. Ms. Sanders alleged that she and KA were domiciled in Bossier Parish, and no evidence showed

4

otherwise; hence, venue was proper in the 26th JDC. Finally, as a petitioner for custody, she was "another person with whom the child has been living in a wholesome and stable environment," La. C.C. art. 133; hence, she had standing to seek custody. The UCCJEA pertains to interstate custody disputes, and has no relevance to this case, in which all the parties are domiciled in Louisiana. Contrary to Rodgers's assertion, *Hartman v. Lambert*, *supra*, rejected jurisdiction in a purely intrastate case. *See also*, *Wootton v. Wootton*, 49,001 (La. App. 2 Cir. 5/14/14), 138 So. 3d 1253. The arguments challenging jurisdiction and venue lack merit.

By his reply brief, Rodgers also argues that St. Bernard Parish, which initially heard the CINC case, retained jurisdiction over KA's custody through age 18. In support, he cites La. Ch. C. art. 686, which addresses the duration of a judgment of disposition. However, the 34th JDC dismissed the CINC case, declaring it closed. A court exercising juvenile jurisdiction no longer exercises such jurisdiction in any proceeding under the Children's Code upon "[d]ismissal of the proceeding." La. Ch. C. art. 313 A(6). Plainly, the 34th JDC had no more jurisdiction after it dismissed the case. The assignments of error contesting jurisdiction and venue lack merit.

We have closely read Rodgers's original memo and reply brief, and find no argument whatsoever to support his assignments regarding contempt of court and motion for rehearing. All assignments of error and issues for review must be briefed. URCA 2-12.4 B(4). Those assignments are therefore deemed abandoned.

By reply brief, Rodgers argues that the judgment should be declared null and void because he never received written notice of the October 21, 2021, hearing. He shows that district courts are required to provide adequate

notice of trial to all parties, La. C.C.P. art. 1571 A(1)(a), and that the 26th JDC requires the clerk of court to "mail to all counsel of record, and to all parties not represented by counsel, written notice of the trial date assigned." URDC 9.14 (26th JDC). However, the transcript and minutes show that Rodgers *was present* at the hearing on September 29, where he requested a continuance and agreed to the October 21 setting. On these facts, Rodgers received adequate notice of the trial. *Little v. Pou*, 42,872 (La. App. 2 Cir. 1/30/08), 975 So. 2d 666, *writ denied*, 08-0806 (La. 6/6/08), 983 So. 2d 920; *Eddy v. Topper*, 431 So. 2d 840 (La. App. 2 Cir. 1983). This argument lacks merit.

Finally, Rodgers argues, through his first assignment of error and long passages of both briefs, that the trial court was plainly wrong to award custody to Ms. Sanders. However, the argument consists entirely of attacks on Ms. Sanders's credibility and on "facts" that were not introduced at trial. The appellate court is a court of record, and may not receive new evidence or consider evidence not in the appellate record. *Denoux v. Vessel Mgmt. Servs. Inc.*, 07-2143 (La. 5/21/08), 983 So. 2d 84; *Dhaliwal v. Dhaliwal*, 54,502 (La. App. 2 Cir. 6/15/22), 342 So. 3d 402. The evidence properly before the court provides no basis whatsoever to declare the judgment manifestly erroneous or plainly wrong. This argument lacks merit.

## CONCLUSION

For the reasons expressed, the judgment is affirmed. Costs are to be paid by Christopher Rodgers to the extent allowed by La. C.C.P. art. 5188.

**AFFIRMED**.

6

**HUNTER, J., concurs.**

I concur in the decision to affirm the trial court's judgment awarding custody of the minor child to the child's paternal aunt.

However, parents have a natural fundamental liberty interest in the continuing custody and management of their children. These interests warrant great deference and require full, vigilant due process protection. *Jones v. Coleman*, 44,543 (La. App. 2 Cir. 7/15/09), 18 So. 3d 153. The central meaning of procedural due process is well settled: Persons whose rights may be affected by State action are entitled to be heard. *Baldwin v. Hale*, 1 Wall. 223, 17 L. Ed. 531 (1864); *In re Adoption of B.G.S.*, 556 So. 2d 545 (La. 1990).

Consequently, I believe the father, the *pro se* appellant in this case, should have been transported from the Caddo Parish Correctional Center and afforded the opportunity to orally argue his case before this Court.

1